## BRADY v. VALENTINE.

(City Court of Brooklyn, General Term. January 25, 1893.)

LIABILITIES OF LANDLORD—DANGEROUS PREMISES.

Where the owner of a tenement house, the halls and stairs of which are in his control, allows the stairs and banister to become badly out of repair, which was unknown to plaintiff, a visitor of a tenant, and such visitor was injured by a step breaking and the banister giving way, the jury were justified in finding that plaintiff's injuries were caused by the owner's negligence, and without contributory negligence of plaintiff.

Appeal from special term.

Action by James Brady against Henry E. Valentine. Judgment for plaintiff. Defendant appeals. Affirmed.

Argued before VAN. WYCK and OSBORNE, JJ.

Purrington & Shannon, for appellant.

Coxe & Stratton, for respondent.

(City Court of Brooklyn, General Term. January 25, 1893.)

NEW TRIAL—ABSENCE OF WITNESSES—SURPRISE.

A new trial will not be allowed a party on the ground of surprise for the absence of witnesses from the trial, where their absence was known at the

time, and such party took no steps to compel attendance, though he had plenty of time to do so, and elected to take his chances before the jury without their testimony.

Appeal from special term.

Action by James Brady against Henry E. Valentine. Judgment for plaintiff. From an order denying defendant's motion for new trial, defendant appeals. Affirmed.

Argued before VAN WYCK and OSBORNE, JJ.

Purrington & Shannon, for appellant.

Coxe & Stratton, for respondent.

VAN WYCK, J. We think the motion for new trial on the ground of surprise was properly denied. The allege d surprise was the absence of two witnesses at the trial. The defendant knew of their absence while the trial was going on, and took no steps to force their attendance, though he had plenty of time for so doing after discovering their absence. He made no request of the court to be permitted to withdraw a juror on that account, but, on the contrary, he elected to go on and take his chances before that jury without their testimony, and he must abide by his election. Hurlbert v. Parker, 5 N. Y. St. Rep. 454; Soule v. Osterhoudt, 20 Wkly. Dig. 67; Foster v. Easton, (Sup.) 2 N. Y. Supp. 772. Order must be affirmed, with costs.