### M. WALLACE CLARKE, Appellant, *v.* ELIZA W. CLARKE, Individually, etc., Respondent.

C. died leaving a will by the terms of which he devised to his widow the use of his "homestead premises," the only real estate left by him, during her life, and the remainder to the testator's legal heirs. The will directed that the taxes and repairs on the premises should be paid by the executor from the general estate in his hands "without burden or charge" upon an annuity also given the widow. It was further provided that in case the widow "should rent the whole or any part of said homestead she shall pay a part of the taxes * * * proportionate to the part so rented," and that the executor, on paying such taxes as she should pay, might retain the same out of the annuity. The general estate became exhausted, and thereafter the taxes and annuity were not paid. The property was sold for unpaid taxes and was redeemed by plaintiff, one of the remaindermen. In an action to compel payment of the taxes by the widow, or the appointment of a receiver to rent the premises and apply the rents and profits to such payment, *held*, that the intent of the testator was that the general estate should bear the burden of the expenses connected with the maintenance of the life estate, and that in no event, save in that specified, *i. e.*, a rental by the widow, should her life estate be charged with the taxes; and so, that it was the duty of the remaindermen to pay the same.

*Woodward* v. *James* (115 N. Y. 346), distinguished.

(Argued March 15, 1895; decided April 9, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made January 23, 1894, which affirmed a judgment

in favor of defendant entered upon an order dismissing the complaint on trial at Special Term.

This action was brought for a construction of the will of David Clarke, deceased, and for the appointment of a receiver of certain premises in which defendant has a life estate under said will, for the purpose of renting the same and paying taxes out of the rents.

The facts and portions of said will, so far as material, are stated in the opinion.

*W. T. Dunmore* for appellant. As between the life tenant and the remainderman the former should pay the taxes. (*In re Albertson*, 113 N. Y. 434, 438; Gerard's Titles to Real Estate [2d ed.], 153, 154; *Sidenberg* v. *Ely*, 90 N. Y. 257; 2 Washb. on Real Prop. 97; *Stillwell* v. *Dougherty*, 2 Bradf. 317; *Lawrence* v. *Holden*, 3 id. 142; *Bidwell* v. *Greenshield*, 2 Abb. [N. C.] 427; 2 Perry on Trusts, § 554; Hill on Trustees [4th Am. ed.], 395; *Gelston* v. *Shields*, 16 Hun, 143; *Leavenworth* v. *Cooney*, 48 Barb. 570; *De Witt* v. *Cooper*, 18 Hun, 69; *In re Miller*, 1 Tuck. 346; *House* v. *House*, 10 Paige, 158.) The fact that testator directed that the taxes upon the property conveyed for life should be paid out of another fund, is no evidence of an intention to relieve the life tenant of said taxes after that fund is exhausted, or upon its proving insufficient. (*Woodward* v. *James*, 115 N. Y. 346; *Bidwell* v. *Greenshield*, 2 Abb. [N. C.] 427; *Whitson* v. *Whitson*, 53 N. Y. 479.) To sustain a construction in a will whereby capital is impaired in the payment of taxes, expenses and interest, the direction should be unequivocal and unmistakable. (*Woodward* v. *James*, 115 N. Y. 346, 360; *In re Albertson*, 113 id. 434, 440; *Stillwell* v. *Dougherty*, 2 Bradf. 317; *Lawrence* v. *Holden*, 3 id. 142; *De Witt* v. *Cooper*, 18 Hun, 69.) No trust was created by the will, and no title to the real estate vested in the trustee. Hence no power to raise money as trustee for payment of taxes is given by the will. (*Clift* v. *Moses*, 116 N. Y. 144; *Chamberlain* v. *Taylor*, 105 id. 185; *Weeks* v. *Cornwell*, 104 id. 325.) To

hold that the life tenant is not liable for the taxes is inequitable and would probably result in the property being wasted by tax sales. (Laws of 1867, chap. 361; Laws of 1881, chap. 640.) The remedy of the remaindermen in case of failure of the tenant to keep down the taxes upon real property in possession of the life tenant is by an action to compel the life tenant to do so, and in case of failure to have a receiver appointed of the property. (*Sidenberg* v. *Ely*, 90 N. Y. 257; Code Civ. Pro. §§ 217, 713; *Hollenbeck* v. *Donnell*, 94 N. Y. 342.) The plaintiff has a right to maintain this action not only in his own behalf but in behalf of others similarly situated, or who have an interest in common with him. (Code Civ. Pro. §§ 448, 498, 499; *Farnham* v. *Barnum*, 2 How. [N. S.] 396; *McKenzie* v. *L'Amoureux*, 11 Barb. 516; *Towner* v. *Tooley*, 38 id. 598; *Hammond* v. *H. R. I. Co.*, 20 id. 878; *Jones* v. *Fitch*, 3 Bosw. 63; *Kerr* v. *Blodgett*, 48 N. Y. 62; *Pouty* v. *M. S. & M. I. R. R. Co.*, 4 T. & C. 230; *Thompson* v. *Brown*, 4 Johns. Ch. 619; *Ross* v. *Crary*, 1 Paige, 416; *Hallett* v. *Hallett*, 2 id. 15; *Petrie* v. *Lansing*, 66 Barb. 357.)

*Chas. W. Williams* for respondent. The appointment of a receiver is not a matter of right, but of discretion. The trial court in refusing such appointment exercised such a discretion, which, upon all the facts, was approved by the General Term, and its decision is not reviewable here. (3 Pom. Eq. Juris. § 1331; Code Civ. Pro. § 713; *Salloy* v. *Leaver*, L. R. [9 Eq.] 25; chap. 315, Laws of 1894; *Morse* v. *Smith*, 42 N. Y. S. R. 168, 170.) The life estate of the widow is not chargeable with the taxes assessed during its continuance. (*Mosley* v. *Marshall*, 22 N. Y. 202; *Thomas* v. *Evans*, 105 id. 612; *Gilbert* v. *Taylor*, 76 Hun, 93; *Moore* v. *Alden*, 80 Maine, 306; *Thurber* v. *Chambers*, 66 N. Y. 42; *Phillip* v. *Phillip*, 112 id. 197–205; 4 R. S. [8th ed.] 2461, § 2; *Besson* v. *W. S. R. R. Co.*, 143 N. Y. 128; *Vanderpool* v. *Loew*, 7 id. 304; *In re Vowers*, 113 id. 569; *In re French*, 13 N. Y. S. R. 759; *Phillips* v. *Davies*,

92 N. Y. 199, 208; *Riker* v. *Cornwell*, 22 N. Y. S. R. 152, 156; *Weeks* v. *Cornwell*, 104 N. Y. 337.) The widow's annuity is a preferred claim and a charge upon the real estate, and consequently is superior to the title of the plaintiff. (*Hoyt* v. *Hoyt*, 85 N. Y. 142; *Isenhart* v. *Brown*, 1 Edw. Ch. 411; *Rowe* v. *Lansing*, 53 Hun, 210, 212; *Ex parte McComb*, 4 Bradf. 151; *In re Chancey*, 119 N. Y. 77, 84; *Whitney* v. *Munro*, 4 Barb. Ch. 5; *Stimson* v. *Vrooman*, 99 N. Y. 74; *In re James*, 80 Hun, 372; *In re McKay*, 5 Misc. Rep. 123–126; *Moore* v. *Alden*, 80 Maine, 301; *Towle* v. *Swasey*, 106 Mass. 100; *Wright* v. *Callendar*, 2 DeG., M. & G. 652; *Nutter* v. *Vickery*, 64 Maine, 490–497; Roper on Legacies, 433; *Starr* v. *Starr*, 43 N. Y. S. R. 556; *Scofield* v. *Adams*, 12 Hun, 366; *Pittman* v. *Johnson*, 35 id. 41; *Bliven* v. *Seymour*, 88 N. Y. 470; *In re Dols*, 4 Redf. 511; *Bowden* v. *Jenks*, 140 Mass. 562; *Williamson* v. *Williamson*, 6 Paige, 298, 304; *Wood* v. *Nesbit*, 62 Hun, 455; *In re Mahan*, 32 id. 73; *Shulters* v. *Johnston*, 38 Barb. 80; *In re Kick*, 11 N. Y. S. R. 628; *R. C. Church* v. *Wachter*, 42 Barb. 43; *Flannigan* v. *Flannigan*, 8 Abb. [N. C.] 413; *Stewart* v. *Chambers*, 2 Sandf. Ch. 382, 434; *Scott* v. *Stebbins*, 91 N. Y. 611; *Tracy* v. *Tracy*, 15 Barb. 505.) There is a defect of proper parties. (Code Civ. Pro. §§ 446, 451; *Bear* v. *A. R. T. Co.*, 36 Hun, 400; *Moulton* v. *Cornish*, 138 N. Y. 136; *Brainerd* v. *Bertram*, 5 Abb. [N. C.] 102; *Pierson* v. *Gillespie*, 21 N. Y. S. R. 55; 51 Hun, 638; *Kirk* v. *Young*, 2 Abb. Pr. 453; *Mahr* v. *N. U. F. Ins. Soc.*, 127 N. Y. 459; *Baumgrass* v. *Briekell*, 7 N. Y. S. R. 685; *Petrie* v. *Petrie*, 7 Lans. 90; *Gueli* v. *Lenihan*, 29 N. Y. S. R. 294; *Power* v. *Cassidy*, 79 N. Y. 603; *Moore* v. *Hegeman*, 6 Hun, 290; *Hallett* v. *Hallett*, 2 Paige, 15; *Galusha* v. *Galusha*, 138 N. Y. 281; *Lazarus* v. *M. R. R. Co.*, 69 Hun, 191; *Ponder* v. *N. Y., L. E. & W. R. R. Co.*, 72 id. 384.)

GRAY, J. It was held below in this case that the defendant, as the life tenant of certain premises, consisting of a house

and lot in the city of Rochester, was not, as between herself and the heirs of the testator, who were remaindermen, chargeable with the taxes upon that property and that the rents and profits thereof could not be compulsorily applied for that purpose. The testator, David Clarke, died in 1874, leaving a will upon which letters testamentary were issued to the executor named therein. The executor was subsequently removed from his office and then letters of administration with the will annexed were granted to this defendant, who was the testator's widow. The will devised to the widow " the use during her life of said homestead premises; " and it was therein directed that the taxes, repairs, etc., should be paid by the executor from the general estate in his hands " and without burden or charge from the annuity," which was given to her by subsequent provisions of the will. It was also, further, therein directed, that, in case his wife " should rent the whole or any part of said homestead, she shall pay a part of the taxes, etc., proportionate to the part so rented." The executor on paying such taxes, etc., which the wife should pay, in that case, might retain such payment out of the wife's annuity. The testator gave to his widow an annuity of $400, besides a small sum of money outright. The residue of the testator's estate, after certain bequests which were to be paid after the widow's death, was given to his executors, with power to sell and make distribution among his legal heirs. The general estate became exhausted and then the taxes ceased to be paid. The widow's annuity also, as it seems, was not paid for several years. The property had been sold for unpaid taxes and had been redeemed by the plaintiff; who was one of the testator's heirs at law and who now seeks by this action to compel the payment of the taxes imposed upon the life estate by the widow, or, through a receiver to be appointed thereof, an application of its rents and profits thereto.

In the consideration of this will, with reference to the question raised by the appellant, we are to be guided by what may be apparent as the testator's intention. Any general rule, which has been established by the courts with reference to the

construction of testamentary provisions, must give way to an evident intention to the contrary. So, here, though by the general rule the life tenant, as between herself and the remaindermen, would be bound to pay the taxes imposed, it is sufficiently clear, upon a consideration of the several provisions which the testator has made in his will, that he intended no such liability ever to rest upon his widow. The negation of any such idea on his part, appearing at first in the direction with respect to the payment of the taxes by the executor from the general estate, is made certain by the subsequent clause which provides for a case when the wife should pay the taxes, viz. : if she should rent the property. This direction for her to pay the taxes in a particular event seems, logically, to exclude the obligation for her to pay them in any other event. The scheme of the will seems to be that the general estate should bear the burden of the expenses connected with the maintenance of the life estate, which was the only real property left by the testator ; and whether the testator did or did not suppose that it would be at all times sufficient for that purpose, and for the purpose of paying the bequests and annuities, is not shown and is not very material in view of such express provisions as we find. Upon the cessation of the life estate in the realty, by the death, or re-marriage, of the widow, as the case might be, that, as well as what might exist of other property, was given to the legal heirs of the testator. The legal effect was to vest in those persons, answering the description of testator's legal heirs, the title to the realty, subject only to the life estate of the widow. Possessing that interest, it was the duty of the testator's heirs, in view of the positive direction in his will with respect to the life estate, in their own interests, to keep down the taxes. This case differs from that of *Woodward* v. *James* (115 N. Y. 346), upon which the appellant places great reliance. In that case we do not find that clear negation of any liability resting upon the widow, in the contingency that the general estate might prove insufficient to pay the taxes, which we think exists in the present case. As Judge FINCH said in the case cited : " The language of the

will, freeing her half from any deductions, was used in connection with the provision imposing the burden on the other half and without reference to an emergency which the testator did not contemplate and for which, therefore, he did not provide." In the James will the income from the estate was divided, one-half to the widow and the other half to the testator's heirs, after first discharging from their half all taxes, assessments and charges against the testator's estate. When it was found that half the income was insufficient to discharge those obligations of the estate, the question arose as to whether the widow's half of the income might be resorted to to pay the deficiency; or whether the *corpus* of the estate should be drawn upon. The inference could be indulged in that case of a contingency not anticipated by the testator, and the construction, not in apparent violation of any intention of the testator, was adopted, that, rather than resort to the *corpus* of the estate, the widow's income should be applicable. But here a construction upon similar lines must violate what, as I have endeavored to show, was the clear intention of the testator that in no event save one should the life estate be chargeable with taxes, etc.

These views are in harmony with those expressed upon this question by Mr. Justice Bradley, in his opinion at the Special Term, and lead to the conclusion that the judgment appealed from should be affirmed, with costs.

All concur, except Haight, J., not sitting.

Judgment affirmed.