### In re PITNEY et al.

(Supreme Court, Appellate Division, First Department. June 15, 1906.)

1. TRUSTS—DISCHARGE OF TRUSTEE—CONSTRUCTION OF WILL.

On the application of trustees to be discharged they are not required to construe the will creating the trust so as to determine what shall become of the trust estate after the termination of the interest of the life beneficiary, that question being properly determinable only when time to dispose of the estate arrives.

2. SAME—APPOINTMENT OF SUBSTITUTED TRUSTEE.

On the application of trustees to be discharged, the refusal to accept the life beneficiary's suggestion as to a new trustee and the appointment of a trust company instead of the person so recommended was proper.

3. SAME—ACCOUNTING—CHARGES—PRINCIPAL OR INCOME.

Where trustees invested a sum in a mortgage and were compelled to foreclose it and buy in the property which was unproductive and involved actual expense for its preservation, such expense should be charged to the principal, and not to the income of the trust estate.

[Ed. Note.—For cases in point, see vol. 47, Cent. Dig. Trusts, § 389.]

Appeal from Special Term, New York County.

In the matter of the application of Henry C. Pitney and another to be discharged as trustees under the will of Catherine Crane Halsted. From a final order overruling exceptions to a referee's report settling the trustee's account and appointing a substituted trustee, Charles Stockton Halsted appeals. Modified.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

George W. Carr, for appellant Chas. S. Halsted.

Edgar J. Nathan, for trustees-respondents.

William T. Gilbert, for guardian ad litem.

INGRAHAM, J. The principal grievance of the appellant is that the trustee refused to construe the will so as to determine what should become of the trust estate after the termination of the life beneficiary; but the question as to who will be entitled to this estate upon the termination of the interest of the life beneficiary can be properly determined only when the time arrives at which the estate is to be disposed of. Upon this accounting there is no question that requires any construction of the will or a determination as to who would be entitled to the estate upon the happening of one of the contingencies upon which that determination will depend.

The appellant complains that the referee refused to accept the life beneficiary's suggestion as to a new trustee, but recommended the appointment of a trust company. Under this will it was undoubtedly the intention of the testatrix that the trust should continue so long as the present wife of her son lived, and as she is still alive the trust still continues. The interest, of appellant is as a beneficiary under the trust. If he dies before his wife exercising the power of appointment, the appointee of the power would take directly under the will. If the life beneficiary did not exercise the power of appointment, the estate would then pass to the personal representatives of the next of kin of the testatrix; but in either event the trust would have to continue until the death of the beneficiary unless his wife died before him. The learned referee considered the recommendation of the life beneficiary as to the substituted trustee and his conclusion was that the interest of all parties would be best preserved by appointing a trust company as trustee. While the trust is to continue, the court is bound to see to it that a trustee is appointed who will preserve the trust estate. The interests of a life beneficiary and a remainderman are often conflicting as to the investments, for an investment which is proper for such a

trust produces much smaller returns than other investments which the life beneficiaries might think safe and desire; and it is proper to consider the relations of the life beneficiaries with the proposed trustee and how much he would be influenced .by the beneficiary. We think, therefore, that under all the circumstances the referee was justified in his recommendation, and the court justified in confirming it.

One other question is presented. It seems that the trustees invested $20,000 of the money of this trust in a mortgage on a brickyard at Keyport, N. J. They were compelled to foreclose this mortgage and buy in the property which they have since held, being unable to find a purchaser. The actual disbursements of carrying this property. is about $570 a year exclusive of the interest on the amount invested. This amount of $570 has been deducted from the income realized from the balance of the trust estate, and thus the income to which the life beneficiary is entitled has been reduced by that amount each year. This seems quite unjust to the life beneficiary. It seems to be conceded that no income can ever be obtained from this unfortunate investment.. What is paid to protect this property is clearly for the benefit of principal. It is not in any way to produce income, as the only object of protecting the property is to preserve it so that it can be sold for something which will increase the principal of the trust. I think, therefore, that the decree should be modified so as to provide that the actual disbursements for the care of this New Jersey brickyard should be charged to principal and the bill for legal services in relation to it should also be charged to principal and not to income.

The order appealed from must be modified as before indicated, and, as modified, affirmed, with $10 costs and disbursements of this appeal to the appellant, to be paid out of the principal of the estate. All concur.

---

### RYAN v. TOOP et al.

(Supreme Court,. Appellate Division, First Department. June 15, 1906.)

NEGLIGENCE—BUILDINGS—LICENSES.

> A subcontractor for the plastering in a building in process of construction ordered his servant to plaster along a stairway, and he attempted to do so by standing on iron treads on the stairs, which treads were not bolted or intended to walk on, but were to serve merely as a sheathing for stone treads. A tread gave way, and the servant was injured. *Held*, that the contractor was not liable.
>
> [Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 1241–1265; vol. 37, Cent. Dig. Negligence, §§ 59, 66–68.]
>
> O'Brien, P. J., dissenting.

Appeal from Trial Term, New York County.

Action by Michael J. Ryan against George H. Toop and others. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant Toop appeals. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and HOUGHTON, JJ.

Frank Verner Johnson, for appellant.
Gilbert Ray Hawes, for respondent.