LORILLARD SPENCER, 3D, et al., as Trustees under the
Will of LORILLARD SPENCER, 2D, Deceased, Respondents,
*v.* CAROLINE S. SPENCER, Appellant, and LORILLARD
SPENCER, 4TH, Respondent, Impleaded with Others.

Decedent's estate — taxes and carrying charges on real estate
held by trustees for a life beneficiary — whether such taxes and
charges be paid out of the income of the trust fund or out of the
capital thereof depends upon the intention of the testator as
expressed in the will and shown by extrinsic evidence.

1. It is the general rule that taxes and carrying charges on real
estate held by trustees for a life beneficiary are to be paid out of
the income of the trust estate, and are not properly chargeable to
capital account, unless the will of the testator contains unequivocal
directions to the contrary; but this rule of construction yields when
opposed to the plain intention of the testator.

2. Testator, who owned an interest in an unproductive farm,
after making certain bequests in his will, gave all his residuary
estate, which included the farm, to his executors in trust to pay the
net income therefrom to his widow during her lifetime.   Upon a con-
sideration of the will and the circumstances of the case, *held*, that
testator did not intend that the taxes and other carrying charges
of the farm should be paid from the income of the trust fund; that
such charges should be transferred from income to principal
account and that the amount heretofore deducted from the income
of the trust estate be paid to testator's widow and that future dis-
bursements for such taxes and carrying charges should be dealt
with in like manner.

*Spencer* v. *Spencer*, 169 App. Div. 54, modified.

(Argued December 6, 1916; decided December 28, 1916.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the first judicial department,
entered August 27, 1915, which affirmed a judgment of
Special Term judicially settling the accounts of the
plaintiffs as trustees, also bringing up for review an order

denying the application of defendant Caroline S. Spencer for permission to amend her answer.

The facts, so far as material, are stated in the opinion.

*Herbert Barry* and *J. Mayhew Wainwright* for appellant. The rule that taxes on real estate are a charge upon the income of the life tenant rather than the principal contemplates income-producing real estate and must always yield to a contrary intention of the testator to be gathered from the will or from the extrinsic facts. (*Pinckney* v. *Pinckney,* 1 Bradf. 269; *Matter of Albertson,* 113 N. Y. 434; *Woodward* v. *James,* 115 N. Y. 346; *Chamberlin* v. *Gleason,* 163 N. Y. 214; *Matter of Tracy,* 179 N. Y. 501.) The rule referred to above has no application to taxes and other carrying charges upon such unimproved real estate. These should not be saddled upon the life beneficiary. (*Lawrence* v. *Littlefield,* 215 N. Y. 561; *Matter of Pitney,* 113 App. Div. 845; *Matter of Heist,* 77 Misc. Rep. 432; *Matter of Martens,* 16 Misc. Rep. 245; *Matter of Marshall,* 43 Misc. Rep. 238; *Matter of Coombs,* 26 Misc. Rep. 597; *Cox* v. *Cox,* L. R. [8 Eq. Cas.] 343.) The judgment appealed from proceeds upon a wholly erroneous theory as to the widow's rights in the apportionment of the proceeds of sale of the Williamsbridge farm. In this she is entitled to receive the equivalent of income on the value thereof from the date of the testator's death. (*Lawrence* v. *Littlefield,* 215 N. Y. 561.)

*Wolcott G. Lane* and *Perry D. Trafford* for plaintiffs, respondents.

*Charles H. Edwards* and *B. Aymar Sands* for defendant, respondent. The life interest must bear all taxes and carrying charges unless the will is specific to the contrary. (*Pinckney* v. *Pinckney,* 1 Bradf. 269; *Booth* v. *Ammerman,* 4 Bradf. 129; *Matter of Albertson,* 113

N. Y. 434; *Woodward* v. *James*, 115 N. Y. 346; *Clarke* v. *Clarke*, 145 N. Y. 476; *Chamberlin* v. *Gleason*, 163 N. Y. 214; *Matter of Tracy*, 179 N. Y. 501; *Wilcox* v. *Quimby*, 73 Hun, 524; *Matter of Deckelmann*, 84 Hun, 76; *Matter of Shipman*, 82 Hun, 108; *Matter of Braunsdorf*, 2 App. Div. 73; *Matter of Brooklyn Trust Co.*, 92 Misc. Rep. 674.) There is nothing in the will of the testator, interpreted in the light of surrounding circumstances, to indicate an intention on his part that the taxes from the unimproved property should be paid from the corpus of the estate. (*Fickett* v. *Cohn*, 14 Daly, 550; *N. Y. L. Ins. & Trust Co.* v. *Sands*, 24 Misc. Rep. 102; *Matter of Young*, 15 App. Div. 285; *McLouth* v. *Hunt*, 154 N. Y. 179; *Hepburn* v. *Hepburn*, 2 Bradf. 74.)

CUDDEBACK, J. The question in this case is whether the taxes and other carrying charges on certain real estate left in trust by the testator shall be paid out of income or shall be charged to the principal of the trust estate.

Lorillard Spencer, 2d, died March 14, 1912, leaving a last will and testament dated April 27, 1911, which contained the following, among other, provisions:

"*Third.* Whereas I now have a one-third (⅓) interest in a certain farm situated at Williamsbridge, Borough of Bronx, City of New York, which interest I acquired under the Last Will and Testament of my brother, Charles G. Spencer, deceased, and whereas I have agreed with my brother, William Augustus Spencer, and my sister, Eleanora L. S. Cenci, to divide the said farm, if the said farm is not sold by the Executors of my said brother Charles' estate before July 28th, 1911, now therefore, I will and direct that the proceeds of my said interest in, or share of, said farm shall be divided as follows: If I should sell my entire interest in said farm previous to my death, I give and bequeath to my son, Lorillard Spencer, Jr., the sum of One Hundred Thou-

sand ($100,000) Dollars; or if I should sell previous to my death any portion or portions of my interest in or share of the said farm, I give and bequeath to my son, Lorillard Spencer, Jr., a sum equal to twenty-five (25) per cent of the net proceeds of such sale. If, after my death, the whole of my interest in or share of said farm, or any portion or portions thereof is sold by the Executors or Trustees, their survivors or survivor, successors or successor, hereinafter named; then I give and bequeath to my said son, Lorillard Spencer, Jr., a sum or sums equal to twenty-five (25) per cent of the net amount or amounts realized from such sale or sales, to be paid to him as soon as practicable after the net proceeds of such sale or respective sales are collected. If my son, Lorillard Spencer, Jr., should die before me, or if at the time of his death the whole or any portion of my interest in, or share of, the said farm shall remain unsold, then I give and bequeath to my daughter-in-law, Mary R. Spencer, the same share of the proceeds of said property which my said son, Lorillard Spencer, Jr., would have received if living, provided that, at the time of the sale of the said property, and of each portion thereof, the said Mary R. Spencer, has not remarried."

" *Sixth.* All the rest, residue and remainder of my estate of every nature and kind, whether real, personal or mixed, and wheresoever situated, which I have or may have or of which I may die possessed, and whether in possession, reversion or remainder, so far as I have power to dispose of the same by will, I give, devise and bequeath to my said Trustees hereinafter named, their survivors or survivor, successors or successor, in trust, however, for the following purposes: To invest and reinvest the funds of said trust estate and to change the investments thereof according to their or his best skill and judgment in the way and manner hereinafter provided; to collect and receive the rents, dividends, interest and income thereof, and to pay over to my said wife, Caroline S. Spencer,

during her life, the net annual income in quarterly installments; and upon the death of my said wife, Caroline S. Spencer, to collect and receive the rents, dividends, interest and income thereof, and to pay over to my said son, Lorillard Spencer, Jr., during his life the net annual income in quarterly installments; and upon the death of my said son, Lorillard Spencer, Jr., I direct my said Trustees, their survivors or survivor, successors or successor, to convey and deliver in equal shares to the lawful issue of my said son, Lorillard Spencer, Jr., if any then surviving, *per stirpes* and not *per capita*, the principal of said trust property and any accrued income thereon."

The will also gave to the widow a legacy of $100,000, payable at once, and made certain other bequests, and explained that no further provision was made for the testator's son, Lorillard Spencer, 3d, because the son on the testator's death would receive certain property of which the testator had enjoyed the use for life and which yielded an annual income of $20,000. The will vested in the plaintiffs as trustees a very broad and discretionary power to sell real estate.

The testator left him surviving his widow, the defendant Caroline S. Spencer, and his son, the plaintiff Lorillard Spencer, 3d, and his grandson, the defendant Lorillard Spencer, 4th, son of the plaintiff, who is an infant under the age of fourteen years.

Lorillard Spencer, 2d, at the time of his death, was possessed of personal property which amounted, after the payment of legacies and other charges thereon, to $156,802.50, and which passed into the hands of the plaintiffs as trustees, and also the following real estate:

A lot of land on Green street in the borough of Manhattan;

An undivided one-half interest in a lot of land on Broadway in the borough of Manhattan;

An undivided one-third interest in the Williamsbridge

farm, containing about 115 acres, in the borough of The Bronx;

An undivided one-twelfth interest in land on the Bronx and Pelham Parkway, in the borough of The Bronx;

His residence in Newport, Rhode Island, known as Chastellux.

The Williamsbridge farm came to the testator by inheritance in or about the year 1906. It was practically unproductive, as was also the land on the Bronx and Pelham Parkway, though that is a small matter.

The testator's widow occupied the residence at Newport. The two lots in Manhattan seem to have produced satisfactory revenue. The income which the trustees received from the trust estate from the time of the testator's death to June 1st, 1914, was about $36,681.46. Out of this amount there was paid by the trustees to the beneficiary, Caroline S. Spencer, widow of the testator, the sum of $3,060.62. The last payment was made to her on February 7th, 1913, and since that time she has received nothing. The remainder of the income over and above the amount paid to the widow was paid for the expenses of the trust, including $10,494.85 for the taxes and carrying charges on the unimproved Williamsbridge farm, which yielded practically no revenue. There was also paid from the principal of the trust fund the sum of $12,184.32 for local assessments on the Williamsbridge farm. It is not likely that the widow will receive any further income from the trust estate as long as the Williamsbridge farm is carried in the trust fund, except as she enjoys the Newport residence.

This action was brought by the trustees under the will of Lorillard Spencer, 2d, to settle their accounts, which accounts showed the disbursements mentioned of the principal and income of the trust fund. The defendant Caroline S. Spencer, the widow and beneficiary, answered asking judgment that the plaintiffs as trustees be directed to charge the taxes and carrying expenses of the Williams-

bridge farm against the principal of the trust estate and not against income. The guardian *ad litem* for the infant defendant, Lorillard Spencer, 4th, appeared and interposed a claim that the taxes and carrying charges of the Williamsbridge farm should be paid from income as they had been theretofore.

The trial court found adversely to the claim of the widow, and approved the accounts of the trustees as made and filed by them, including the payment of taxes and carrying charges of the Williamsbridge farm from the income of the trust estate. The judgment of the trial court was affirmed in the Appellate Division by a divided court; and the defendant Caroline S. Spencer appeals from that decision of the Appellate Division to this court. The most active opponent of the widow's claims on this appeal is the counsel for the guardian *ad litem*.

The general rule undoubtedly is that taxes and carrying charges on real estate held by trustees for a life beneficiary are to be paid out of the income of the trust estate, and are not properly chargeable to capital account, unless the will of the testator contains unequivocable directions to the contrary. The authorities establishing this proposition are numerous. The following cases illustrate the rule, perhaps as well as any others: *Matter of Albertson* (113 N. Y. 434); *Woodward* v. *James* (115 N. Y. 346); *Clarke* v. *Clarke* (145 N. Y. 476). There is, however, no doubt that this rule of construction which requires the payment of taxes and carrying charges out of income yields when opposed to the plain intention of the testator. (*Lawrence* v. *Littlefield*, 215 N. Y. 561; *Matter of Pitney*, 113 App. Div. 845; affd., 186 N. Y. 540; *Sheffield* v. *Cooke*, 98 Atl. Rep. 161.)

In *Lawrence* v. *Littlefield* this court said: " The legal question presented by the complaint and demurrer is whether under a will creating a trust of unproductive real estate, income payable to a life beneficiary and remain-

30

der to others, with an imperative power of sale and equitable conversion of the real estate into personalty at the death of the testator, with actual sale and conversion accruing only after a considerable delay, the testator will be held to have intended that the proceeds thus and when realized shall be apportioned between income payable from the time of his death to the life beneficiary and principal belonging to the remaindermen, or whether he is to be assumed to have intended that the proceeds thus realized should be treated wholly as principal with income payable thereon to the life beneficiary only from the date of actual conversion." (p. 567.)

Counsel for the guardian *ad litem* seeks to distinguish the *Lawrence* case from the one under consideration by the fact that in the *Lawrence* case the power of sale in the trustees was imperative, so that the unproductive real estate would not long remain a part of the trust fund. But the court in its opinion continued and said: "While it may have been assumed that the trustees or executors would be compelled to exercise discretion as to the time and manner of sale, it ought not to be held by the court that the testatrix intended that the first object of her bounty should be deprived of all benefit under the will to the advantage of the more remote remaindermen during the years that might necessarily be occupied in finding a market for $8,000,000 worth of unproductive real estate." (p. 569.)

The question in the case under consideration, therefore, depends on what was the intention of the testator, Lorillard Spencer, 2d, by the clauses quoted from his will at the outset of this opinion.

Counsel for the guardian *ad litem* argues that by the will a single composite trust fund was created which includes all the residuum of the testator's estate left after carrying out the other provisions of the will, and that it is the *net income* from this composite fund that was given to the widow, Caroline S. Spencer, for life. The

argument further is that the claim now made by the widow requires the trustees to treat the trust estate as consisting of separate parts of which separate accounts must be kept.

The answer to this contention is that the composite trust fund of which the counsel speaks has not yet been really created. The sixth clause of the will gives the residuum of the estate to the trustees named in trust to invest and reinvest the same and pay the income to the widow as directed. It seems quite plain that the testator did not intend to have this unproductive Williamsbridge farm go permanently to make up the composite trust fund. The third paragraph of the will shows that he expected to dispose of the farm before he died, or that his trustees would sell it soon after his death. He had owned the farm for some five years at the date of the will, and he knew something of the cost of carrying it. To give his widow the income from the unproductive farm would be somewhat of a mockery. That would be to place in the composite trust fund an investment which would not only consume all the income, but in the end would consume the principal of the fund. The farm, while owned by the trustees, should be considered and treated apart from the trust fund.

It is quite evident from a reading of the third clause of the will that the testator regarded $100,000 as the value of twenty-five per cent of his interest in the Williamsbridge farm, which would, of course, make its total value $400,000, and of this amount seventy-five per cent, or $300,000, would fall into the trust fund created for the widow. Then the income from the fund, together with her legacy of $100,000, would enable the widow to occupy the Newport residence and live in the style to which she was accustomed during the life of her husband. As construed by the trustees, the provisions of the will giving the widow the net income of the trust estate would defeat that purpose.

Counsel for the guardian *ad litem* further argues that there is nothing in the will which shows that the testator intended that the widow should actually occupy the Newport residence, and that the trustees were given power to sell or lease that property. If the widow should give up the Newport residence and the trustees should exercise their power of sale or lease over the property, the *net income* from the trust estate would be increased, but even then, taking the local assessments into consideration, the income would not satisfy the requirements of the Williamsbridge farm. Besides, the Newport house was the principal place of residence of the testator, and it is not likely he intended that his widow should be compelled to give it up.

If the Williamsbridge farm is not be regarded and carried as a permanent investment in the trust fund created by the testator, it must also be true that the testator did not intend that the taxes and carrying charges of the farm should be paid from the income of the fund, and that is the conclusion which I have reached.

The judgment appealed from should be modified so as to adjudge that the taxes and carrying charges of the Williamsbridge farm should be transferred from income to principal account and the amount heretofore deducted from the income of the trust estate to meet such taxes and carrying charges should be paid to the defendant Caroline S. Spencer, and that future disbursements for such taxes and carrying charges should be dealt with in like manner. The judgment should also be modified so as to provide that any party may apply at the foot thereof for further relief as to what particular part of the principal fund which should be applied to meet such taxes and carrying charges, or for relief as to how the proceeds of any sale of the Williamsbridge farm should be applied. The costs of the defendant Caroline S. Spencer and of the counsel for the guardian *ad litem* should be

paid from the trust fund. The appeal from the order denying the application to amend the answer of the defendant Caroline S. Spencer should be dismissed, without costs.

WILLARD BARTLETT, Ch. J., COLLIN, HOGAN, CARDOZO and POUND, JJ., concur; HISCOCK, J., absent.

Judgment accordingly.