Matter of the Judicial Settlement of the Proceedings of WARWICK EMILE MONTGOMERY, as Trustee, etc., of ROMANZO W. MONTGOMERY, Deceased.

(Surrogate's Court, Westchester County, March, 1917.)

Taxes — upon real property — when burden of paying taxes must fall upon remaindermen.

Where the bulk of a testator's estate consisted of three parcels of real estate, only one of which was productive and the holding of the property during the last fifty years has greatly increased its value, all of which will inure to the benefit of the remaindermen, and a portion of one parcel of unimproved property remains unsold, the burden of the payment of the taxes thereon must fall upon the remaindermen and be paid out of the principal and not out of the income to the prejudice of the life beneficiary.

PROCEEDING upon the judicial settlement of an account by trustee.

Evarts, Choate & Sherman, for petitioner.

Clifford Couch, special guardian.

SAWYER, S. The bulk of the testator's property consisted of three parcels of real property. One parcel was productive and two parcels were unproductive. One parcel of unimproved property still remains unsold, except that a portion was sold for $68,400. This property has steadily increased in value until

Surrogate's Court, Westchester County, March, 1917.    [Vol. 99.

its assessed valuation is now nearly three and one-half times more than it was in 1893. The trustees have paid the taxes on this unimproved property out of income, and Mrs. White, the life beneficiary, claims it should have been paid out of principal.

The latest decision on this point is in *Spencer* v. *Spencer,* 219 N. Y. 459, decided December 28, 1916. In that case the court states: ''The general rule undoubtedly is that taxes and carrying charges on real estate held by trustees for a life beneficiary are to be paid out of the income of the trust estate, and are not properly chargeable to capital account, unless the will of the testator contains unequivocal directions to the contrary. The authorities establishing this proposition are numerous. The following cases illustrate the rule, perhaps as well as any others: *Matter of Albertson* (113 N. Y. 434); *Woodward* v. *James* (115 N. Y. 346); *Clarke* v. *Clarke* (145 N. Y. 476). There is, however, no doubt that this rule of construction which requires the payment of taxes and carrying charges out of income yields when opposed to the plain intention of the testator. (*Lawrence* v. *Littlefield,* 215 N. Y. 561; *Matter of Pitney,* 113 App. Div. 845; affd. 186 N. Y. 540; *Sheffield* v. *Cooke,* 98 Atl. Rep. 161.)''

The holding of this property during the last fifty years has greatly increased its value, all of which will inure to the benefit of the remaindermen. The failure of the trustees to sell has deprived the life beneficiary of the income. Clearly, the testator never intended the remaindermen to grow rich at the expense of the life tenant. To compel her now to assume this burden would be something never contemplated by him. Equity and justice require that the burden should fall upon the remaindermen who will receive the benefit.

Decreed accordingly.