Matter of the Estate of SUSAN C. VERMILYE, Deceased.

(Surrogate's Court, New York County, May, 1917.)

**Wills — devises — intention of testatrix — expenses of unproductive real estate charged to principal.**

Testatrix, who left an estate one-half of which represented the proceeds of the sale of real estate which was unproductive from the date of decedent's death, directed payment of the income of the residuary estate to her husband in monthly instalments during his life, but no part of the principal of the estate was either devised or bequeathed to him. *Held,* that as the intention of the testatrix could not be carried out if the income from the balance of the estate was applied to the payment of the charges on the principal, the interest on mortgages, taxes and other expenses incurred in connection with the unproductive real estate will be charged to principal and not to income.

PROCEEDING upon judicial settlement of executors' accounts.

John A. Bolles, for executor.

Frank R. Pentlarge, for Thomas E. Vermilye.

Maxwell S. Harris, special guardian of infant John Griffith Booton, Jr.

FOWLER, S. The testatrix left an estate of about $20,000. Of this amount $10,000 represented the proceeds of sale of real estate which was unproductive from the date of decedent's death until the date of

Surrogate's Court, Bronx County, May, 1917.   [Vol. 100.

sale.   The special guardian asks that the interest on the mortgages, taxes and other expenses of carrying this real estate be deducted from the income realized on the balance of the estate.   The testatrix directed that the income from her residuary estate be paid to her husband in monthly installments during his life, but no part of the principal of the estate was bequeathed or devised to him.   From a consideration of the entire will and the disposition which the testatrix made of her estate, it is manifest that she intended to make provision for her husband's support, and as her intention in this respect could not be carried out if the income from the balance of the estate were applied to the payment of the charges on the principal I will hold that the interest on the mortgages, taxes and other expenses incurred in connection with the unproductive real estate be charged to principal and not to income.   *Spencer* v. *Spencer,* 219 N. Y. 459. The accrued interest on the bonds described in Schedule A of the account should be apportioned between principal and income.

Decreed accordingly.