In the Matter of the Judicial Settlement of the Account of FREDERICK H. SANBORN, as Executor of JOSEPHINE M. L. FLEET, a Deceased Executrix of ROBERT S. FLEET, Deceased.

(Surrogate's Court, Kings County, December, 1921.)

Wills — devise — discretionary power of sale — taxes and carry‑ ing charges on unproductive real property payable by life tenant.

> The general rule is that taxes and carrying charges on real property are payable by the life tenant and are not chargeable either upon the land, the proceeds of its sale or upon the inter‑ ests of the remaindermen, unless the will expressly so directs.
>
> A will containing only a discretionary power of sale over the real estate and under which testator's widow, who was also his executrix, took a life interest in the residue of his property, real and personal, devised and bequeathed whatever was left of the residuary estate at her death, after payment of money legacies payable therefrom, to the brothers and sisters of testator in equal shares. The residuary estate consisted of about $250,000 worth of income producing real and personal property, and $160,000 worth of vacant lots producing no income. *Held,* that an objection to the payment from the principal of the estate for taxes on the unproductive property still unsold must be sus‑ tained and the account of the executor of the deceased executrix surcharged accordingly.

SETTLEMENT of account of executor of deceased executrix.

Baylis & Sanborn, for accountant.

John M. O'Neill, for contestants.

Joseph A. Kennedy, special guardian.

WINGATE, S. Upon the accounting of the executor of the deceased executrix, who was also the widow of

18

the testator and the life tenant under his will, objection is made that such life tenant was charged by law with the duty of paying taxes and other carrying charges which accrued upon the property of the decedent during the period of her life estate, and that the payment of taxes from the principal of the estate was not warranted.

The general rule is that taxes and carrying charges on real property are payable by the life tenant and are not chargeable upon the land, or upon the proceeds of its sale, or upon the interests of the remaindermen therein, unless the will contains a plain direction to this effect.

The will of the testator contained provisions for the establishment of a trust in the event that a child or children should have survived him. No child having survived him these trust provisions never came into force.

The provisions of his will which became operative bestowed a money legacy upon a brother and gave to his widow a legal life estate in the residue of his property, real and personal. Upon the death of the widow money legacies, payable out of the residue, were given to persons named and after their payment, whatever was left of the residuary estate, real and personal, was given, devised and bequeathed to the brothers and sisters of the testator, to be equally divided between them. The estate in which the widow received a life interest consisted of approximately $250,000 worth of income producing real and personal property, and $160,000 of vacant lots, producing no income. All but $20,000 worth of this vacant property has been sold. The question now requiring decision relates only to the unpaid taxes for the years 1917, 1918 and 1919 on the unsold land.

The power of sale conferred upon the executors of

this will is discretionary and, indeed, is conceded to be discretionary by the accountant in his memorandum submitted upon this argument. Had the power been mandatory, an equitable conversion would have resulted, and this would have required the payment of taxes and other carrying charges on the decedent's unproductive lands out of principal. This power, in terms discretionary, is not made imperative by any language found elsewhere in the will, or by the situation of the estate. Had the trust provisions become effective a different question might have been presented.

It is argued by the accountant that the case of *Spencer* v. *Spencer,* 219 N. Y. 459, is authority for the payment out of principal of taxes upon unproductive lands, even if the power be purely discretionary. The decision in that case is to the effect that the power contained in the will then under review though in terms discretionary, was by the general intendment of the will made mandatory, and that such discretion as was conferred upon the trustees was only as to time. This appears not only from a reading of the opinion in the *Spencer* case itself but also from the discussion of that decision in the opinion of the court in *Furniss* v. *Cruikshank,* 230 N. Y. 495, 500, as follows: " The latest case in this state on the subject is *Spencer* v. *Spencer* (219 N. Y. 459). The decision is that where a testator creates a trust largely of unproductive real estate with an imperative power of sale, so that an equitable conversion is effected, although the time of sale may be left to the discretion of the trustees, then it is not to be assumed that he intended that the first beneficiary should be deprived of all income to the time of sale for the profit of the remainderman, if the sale is delayed because of circumstances. In so

holding, we but followed our decision in *Lawrence* v. *Littlefield* (215 N. Y. 561, 568)."

In the *Spencer, Furniss* and *Lawrence* cases there was ample evidence in the will, aside from the language conferring the power of sale, which evidenced the intention of the testator in the several wills considered, that the principal should bear the carrying charges of unproductive lands, and that the general rule requiring payment of these charges out of income should not be applicable. The will now being considered is bare of any language pointing to such intent unless it be found in the provisions concerning the power of sale. This language in itself does not confer an imperative power, as already said, and in itself discloses nothing that would require a departure from the normal rule that requires that the life tenant shall bear the carrying charges of the property devised for life.

The objection to the payment of $563.47, out of the principal of the estate for taxes on unproductive property still unsold, must be sustained, and the accountant will be surcharged accordingly.

The other objections are disposed of by the concessions of the accountant contained in his brief.

Settle decision and decree on notice.

Ordered accordingly.