In the Matter of the Construction of the Last Will and Testament of George Schuster, Deceased.

Surrogate's Court, Westchester County, June 5, 1924.

Wills — construction — bequest operates in satisfaction of debt under express declaration of testator and acceptance by beneficiary — will provided for life estate for testator's widow in lieu of dower and " any other rights or claims "— widow presented claim for money loaned to testator — widow having accepted bequest, claim is satisfied — provision in will permitting sale of real estate for preservation of estate works equitable conversion of real estate — life tenant must pay carrying charges on estate by unequivocal direction of testator — life tenant entitled to interest on proceeds of sale and apportionment of increase in value of unproductive real estate.

Where a testator expressly declares that a bequest shall be in satisfaction of a debt, it will so operate in case the beneficiary accepts the bequest.

Accordingly, the claim of the testator's widow for money loaned and secured by the testator's promissory note is satisfied and will be disallowed under proceedings to construe the will where it appears that after giving his widow a life estate in both real and personal property for her support and maintenance, the testator provided that the bequest " is to be accepted by her and is made to her in lieu of her dower and any other rights or claims that she may or can have or make against me or my estate."

A will authorizing and empowering the executors for the purposes of the will and the preservation of the estate to sell and convey all of the testator's real estate " at such times and upon such terms as to them may seem proper," works an equitable conversion of the real estate into personalty since the power of sale was imperative.

A life tenant must pay all necessary charges out of the income of the life estate where a provision in a will contains unequivocal directions to the testator's

executors to the effect that the " life tenant shall pay, bear and discharge out of the income thereof all necessary charges for maintenance and repair of same, including taxes, assessments, insurance and repairs, retaining the net balance of said income for her own use."

In the event that the executors do not sell the unproductive real estate the life tenant will be entitled, whenever the property is sold, to the proper rate of interest from the date of the testator's death. Should the unproductive real property be held for a period of time and when sold should have greatly increased in value, the life tenant will be entitled to an equitable division of the appreciated value.

PROCEEDINGS to construe a will.

*Gescheidt & Gillette,* for the petitioners.

*Holden & Cavanaugh,* for the remaindermen.

SLATER, S.   The court has been asked to construe the will of the decedent regarding two certain matters. The 3d paragraph of the will gives a legal life estate in both real and personal property to the wife of decedent for her support and maintenance. Said paragraph contains the following clause at the end thereof: " This bequest to my said wife is to be accepted by her and is made to her in lieu of her dower and *any other rights or claims that she may or can have or make against me or my estate."* The will was made December 7, 1911. The decedent died August 3, 1923. The will was admitted to probate August 29, 1923, and letters testamentary were issued to the widow, the petitioner herein, and to Elsie Ronan and Hilda Sullivan, daughters of the decedent.

The widow presented a claim against the estate for money loaned, secured by the decedent's promissory note dated October 8, 1921, for the sum of $2,625, with interest at the rate of five per cent.

Subject to very numerous exceptions the general rule is that a legacy to a creditor which is equal to, or greater than the debt, will be deemed to be in satisfaction of the debt. The rule is merely a rule of construction giving rise to a presumption and yields to the intention of the testator when otherwise ascertainable. The intention of the testator must prevail in all cases. No presumption arises when a legacy is given in satisfaction of a debt where the will contains a provision for the payment of debts, where an indebtedness is unliquidated, is contracted after the date of the will, or is based on a commercial instrument capable of transfer, where the amount given by the will is less than the amount of the indebtedness. There are other exceptions. *Matter of Arnton,* 106 App. Div. 326. In the cases referred to by counsel none of the wills contains a clause or declaration that the bequest shall be in satisfaction of a debt. *Matter of Arnton, supra; Sheldon* v.

*Sheldon,* 133 N. Y. 1; *Adams* v. *Olin,* 61 Hun, 318; 2 Roper Leg. 1027.

But, where the testator expressly declares that a bequest shall be in satisfaction of a debt, it will so operate in case the beneficiary accepts the bequest. The case of *Rusling* v. *Rusling,* 42 N. J. Eq. 594, 601, is in point. The clause in that will is very similar to the clause in the will in the instant case. In the *Rusling* case it was held that the bequest in favor of the wife to be in lieu of dower or any other claim takes it out of the rule established in many of the cases. Consequently, the testamentary gift having been accepted by the widow, the claim is thereby satisfied. *Russell* v. *Minton,* 42 N. J. Eq. 123; 40 Cyc. 1888; *Foster* v. *Easton,* 2 N. Y. Supp. 772; *Matter of Morey's Estate,* 1 id. 687; *Caulfield* v. *Sullivan,* 85 N. Y. 153, 158; *Sheldon* v. *Sheldon, supra,* 1.

The other question relates to the non-income producing real property granted to the widow for life. The 5th paragraph of the will authorizes and empowers the executors for the purposes of the will and for the better management and preservation of the estate, and for such other purposes as to them may seem proper or necessary to sell and convey " all my real estate at such times and upon such terms as to them may seem proper." He further authorized the executors to invest the money realized from any such sale in the improvement of any part of " my unimproved real estate, or in the purchase of improved real estate." The petitioner seeks construction as to whether the taxes and other carrying charges upon unproductive portions of the decedent's real estate shall be borne by the residuary estate, *i. e.,* the principal, or shall be deducted from the income of the estate payable to the petitioner.

When the will was made by the decedent the principle set out in the case of *Lawrence* v. *Littlefield,* 215 N. Y. 561 (1915), had not been enunciated by the Court of Appeals. The three cases dealing with the equitable principle involved in the instant case (*Lawrence* v. *Littlefield, supra; Spencer* v. *Spencer,* 219 N. Y. 459; *Furniss* v. *Cruikshank,* 230 id. 495) relate to three different matters. *Lawrence* v. *Littlefield, supra,* deals with the question of interest upon the proceeds of sale of unproductive real property. *Spencer* v. *Spencer, supra,* relates to the question of taxes and other carrying charges of real estate left in trust and whether they shall be paid out of income, or shall be charged to the principal. *Furniss* v. *Cruikshank, supra,* relates to the adjustment of the appreciation in value of real estate that has been held for a long term of years, and the carrying charges of which have been borne by the beneficiary of the trust. To fall within the equitable principle laid down in these cases, it is necessary

to hold that the power of sale was imperative and worked an equitable conversion of the real estate into personalty. The court will hold in the instant case that it was the intention of the testator to create an equitable conversion of the real estate. *Spencer* v. *Spencer*, 219 N. Y. 459. The general rule undoubtedly is that the carrying charges on real estate held by trustees for a life beneficiary are to be paid out of the income of the trust estate and are not properly chargeable to capital account *unless the will of the testator contains unequivocal directions to the contrary*. In the instant case we find the will does contain unequivocal directions to the effect that the " life tenant shall pay, bear and discharge out of .the income thereof all necessary charges for maintenance and repair of same, including taxes, assessments, insurance and repairs, retaining the net balance of said income for her own use." Thus the general rule must yield as it is opposed to the plain intention of the testator. *Spencer* v. *Spencer*, 219 N. Y. 459, .465. The life tenant must pay all necessary charges out of the income of the life estate.

It may be said that the question relating to the interest on proceeds of sale and the apportionment of the increase in value of unproductive real estate (if any) is academic at this time. If the executors sell the unproductive real estate within a reasonable time the question will never arise. In the event, however, that the executors do not sell the unproductive real estate, the principle declared in *Lawrence* v. *Littlefield, supra,* relating to the payment of interest on the proceeds of sale whenever the property is sold will apply, and the life tenant will be entitled to the proper rate of interest from the date of decedent's death. In the event the unproductive real property is held for a period of time and when sold has greatly appreciated in value the principle declared in *Furniss* v. *Cruikshank, supra,* will apply and the life tenant will be entitled to an equitable division of the appreciated value.

The cases relate to trusts. In the instant case we have a legal life estate. The application of the equitable principles applies to either case if the power of sale is mandatory. *Matter of Fleet,* 117 Misc. Rep. 273.

Submit order in accordance with this opinion.

**Decreed accordingly.**