In the Matter of the Final Judicial Settlement of the Account of Proceedings of WILLIAM A. WALSH, as Executor and Trustee under the Last Will and Testament of MICHAEL WALSH, Deceased.

Surrogate's Court, Westchester County, January 26, 1925.

**Wills — construction — provision in will directing executor to sell, in his discretion, and convert into money all real estate or interest therein creates equitable conversion with discretion in executor as to time of sale — objections as to surcharge overruled — executor should convert real estate into personalty within reasonable time — if executor fails to exercise power of sale within reasonable time, court will inquire into delay.**

Testator's will, containing the provision " I give, devise and bequeath unto my executor in fee simple, and I direct him to sell at public or private sale, in his discretion, and to convey in fee simple, and convert into money or securities for money, all real estate or interest therein," creates an equitable conversion with discretion in the executor as to the time of the sale.

Objections as to surcharge should be overruled where as to one parcel of land, the value, though increased, did not inure to the benefit of the life beneficiary but solely to the benefit of the ultimate remaindermen.

Unless the executor converts the real estate into personalty to the benefit of the life beneficiary within a reasonable time, the court, under its authority over the conduct of executors, will take proof to determine whether or not the failure of the executor to exercise the power of sale is reasonable and justified by the existing conditions, since it cannot be said that it was the testator's intention to give his executor power to determine that the real estate should not be sold, where a failure to sell would destroy the benefits the testator apparently intended to confer upon the life beneficiary.

PROCEEDING for accounting by executor and trustee.

*Thomas M. Smith,* for the executor.

*Joseph B. Uniacke,* for the objector.

SLATER, S.:

The testator died in 1916. Eight years have elapsed and the executor is now making his final judicial settlement. Certain objections have been raised by the widow, who is the beneficiary of the trust set up in the 1st paragraph of the 5th provision of the will, which is as follows: " I give, devise and bequeath unto my Executor in fee simple, and I direct him to sell at public or private sale, in his discretion, and to convey in fee simple, and convert into money or securities for money, all real estate or interest therein, as well as all personal property not hereinbefore specifically bequeathed, which I shall own at the time of my death; I will and direct that said real estate and interest therein shall for legal purposes be deemed converted into personalty as of the time of my death; and that all the rents and profits or income therefrom from the time of my death until the same shall be sold, shall be a part of my personal estate and be received and accounted for as such by my Executor. I leave to the discretion of said Executor the choice of the particular time of making sales of such real estate, from. time to time."

The widow contends that the executor should have sold the real estate and with the proceeds thereof set up the trust. The executor holds that the discretion conferred had reference to discretion as to the time of sale. The ruling in *Furniss* v. *Cruikshank* (230 N. Y. 495) should be applied here. The power of sale in the will in the instant case created an equitable conversion as shown by the will itself, and while the widow was the first object of the testator's bounty, the language of the provision gives discretion to the trustees as to the time of sale. No testimony has been taken. The objections relative to surcharge are overruled. The only facts I have before me were produced upon the argument and set forth in briefs of counsel. It is undoubtedly true as to one parcel of land the value has greatly increased, but apparently not to the benefit of the life beneficiary, and solely for the benefit of the ultimate remaindermen.

Having decided the primary question submitted as to whether the executor or trustee had discretionary power of sale, I will undertake to give directions. Unless the executor within a reasonable time, say three months, converts the realty into personalty to the undoubted advantage of the life beneficiary, the court, under its power to direct and control the conduct of executors and trustees, will take proof, either through hearings before the court, or by reference, as to whether the failure of the executor to exercise the power of sale is reasonable and justified by existing conditions.

Misc. 351]        Surrogate's Court, Erie County, January, 1925.

In any event, the principle laid down in *Furniss* v. *Cruikshank* (*supra*) and cases cited therein, relative to unproductive land must be followed in the distribution of proceeds of sale upon the accounting of the executor. The beneficiary of the trust is the object of the testator's particular solicitude, and it cannot be said that the testator intended to give his trustee power to decide that the real estate should not be sold at all, because it is to say that he intended to confer upon them the right to destroy the benefits that he apparently intended to confer upon the life beneficiary. Later, upon the sale of the unproductive real estate, there must be a division of the amount received between the life beneficiary and the ultimate remaindermen. The life beneficiary must be made good for the income she would have received had the conversion taken place within a reasonable time. The delay of the sale of unproductive real estate should not inure solely to the benefit of the remaindermen, or that an ultimate loss should be their loss alone. To some part of the proceeds the life tenant is entitled. The rule is laid down in *Furniss* v. *Cruikshank* (*supra*). (*Matter of Schuster*, 123 Misc. 314.) The claim of estoppel against the widow cannot be sustained.