[1] Reported in 241 N.W. 63.
This is an appeal by the remaindermen from an order of the district court permitting the trustee to charge to the corpus of the trust taxes upon vacant and unproductive property belonging to the trust estate. Florence Virginia Moore by will devised and bequeathed her property to the respondent trust company to hold and manage and pay the net income to her daughter, Agnes Moore Fryberger, during the term of her natural life. Discretionary power was given the trustee to dispose of property. The will provided that after the death of her daughter the principal of the trust fund should be paid one-half to each of her two sons, who are appellants here.
A part of the property so left in trust was vacant, unproductive property in Penn Avenue Heights in Minneapolis. The taxes thereon have aggregated over $1,600 while the property has been so held. The verified petition indicates that, while the property is not marketable to advantage under present conditions, it has increased in value since the creation of the trust more than the amount of the taxes. The will leaves to the sound discretion of the trustee the investment and reinvestment of the trust fund and the sale of property in the trust estate. Therefore it had a right to exercise its discretion and refrain from selling the property in a disadvantageous market.
It is conceded here that under the general rule it is the duty of the life tenant of real property to pay the taxes thereon and that the beneficiary for life of a trust fund of this character should bear the expense of taxes from the income of the estate. That rule however is subject to an exception where the unproductive property is being held at the discretion of the trustee for the benefit of the estate and where the remaindermen rather than the life beneficiary *Page 344 
profit by the holding. In such a case the taxes are held chargeable to the principal and not to the income from the productive property or securities held in the trust fund. This exception applies where the trustee in the exercise of its sound discretion and in the expectation of an increase in value holds the property in preference to selling it in an unfavorable market. As stated in Hite v. Hite, 93 Ky. 257, 264,20 S.W. 778, 779, 19 L.R.A. 173, 40 A.S.R. 189:
"The testator never intended the life tenant to thus protect and add to the value of the real estate from which he was receiving no benefit. The fair presumption is that the testator intended such a reimbursement."
In the case of In re Montgomery, 99 Misc. 473, 474,165 N Y S. 1069, 1070, the court says:
"Equity and justice require that the burden should fall upon the remaindermen who will receive the benefit."
The whole matter is discussed in a comprehensive note in 17 A.L.R. commencing at page 1384. The exception to the general rule here under discussion is commented upon on pages 1395 to 1397.
The order appealed from is affirmed. *Page 345