GRAMATAN NATIONAL BANK AND TRUST COMPANY OF BRONXVILLE, Plaintiff, *v.* COUNTY OF WESTCHESTER and Others, Defendants.*

Supreme Court, Westchester County, July 7, 1932.

* Revd., 237 App. Div. ——.

The memorandum of Mr. Justice WITSCHIEF in *Peoples National Bank & Trust Co. of White Plains* v. *County of Westchester* (revd., 237 App. Div. ——), decided at the same time, is as follows: " Motion for summary judgment granted, with costs. See opinion in *Gramatan National Bank & Trust Company* v. *County of Westchester.*"

*William L. Rumsey,* for the plaintiff.

*William A. Davidson, County Attorney.*

*William E. Olsen,* for the defendant Town of Eastchester.

*McLaughlin & Stickles,* for the defendant Union Free School District No. 3.

*Clark, Jaeger, Dart & King, amicus curiæ.*

WITSCHIEF, J. The plaintiff seeks a summary judgment under rule 113 of the Rules of Civil Practice. The affidavits in support of the motion barely meet the requirements of rule 113, but the motion will, nevertheless, be considered upon the merits.

On March 6, 1926, the plaintiff paid to the treasurer of Westchester county $1,809.57, and on April 4, 1927, paid the same official $2,744.44 in discharge of an assessment levied upon the stock of the plaintiff in those years under the provisions of the Tax Law as then in force.

The county treasurer of Westchester county retained one per cent of the taxes collected, and distributed the balance between the town of Eastchester, the village of Bronxville and union free school district No. 3, town of Eastchester.

Both payments were under protest, and this action is brought to recover the amounts so paid.

The Circuit Court of Appeals in *Public National Bank of New York* v. *Keating* (47 F. [2d] 561) held that the provisions of the Tax Law of this State, as amended by chapter 897 of the Laws of 1923, as construed by the New York Court of Appeals in *Pratt* v. *Goldfogle* (242 N. Y. 277), discriminated against national bank shareholders, and violated section 5219 of the United States Revised Statutes; hence are void.

It cannot alter the legal effect of that decision that in a particular tax district there may happen to be no other moneyed capital employed in competition with the business of national banks.

The act cannot be valid in one tax district, and void in another.

The amendment of 1923, as construed by the Court of Appeals in the *Pratt* case, discriminates between the stockholders of national banks and certain forms of moneyed capital which the United States Supreme Court has held to be employed in competition with the business of national banks. (*First Nat. Bank* v. *Hartford,* 273 U. S. 548.)

The finding of fact in the *Public National Bank* case which led to the conclusion of law that the act of 1923 was void, was that in 1926 billions of dollars were employed in the city of New York and elsewhere in the State of New York, in substantially the same manner as were the funds of national banks, and were used in competition with the business of national banks. It was because our Court of Appeals in the *Pratt* case so construed the act of 1923 as to exclude much of this moneyed capital from the tax, that the act was held to be void.

The learned county attorney argues that it is the failure of the taxing officials in a particular tax district which led the United States Supreme Court to hold the act unconstitutional, but that is not so. The taxing officials were bound by the construction which our Court of Appeals placed upon the act, and it was that construction which made the act unconstitutional.

It was exactly as though the act itself contained the exemptions which the Court of Appeals construed it to contain.

It was not the faulty method in which the municipal officials operated under the act which made it unconstitutional, but the wording of the act as construed by the Court of Appeals.

While the Court of Appeals has held the act valid, the United States Supreme Court has held it void, and that decision must necessarily prevail over the decision of the Court of Appeals.

The act under which the assessments were levied being void, this action may properly be maintained.

The taxes were not paid voluntarily, but under protest, and under threat of penalties if not paid. Our Court of Appeals had held the act valid, and there appeared to be no alternative but to pay the tax.

The repeal, effective in 1927, did not affect the taxes theretofore imposed or the penalties attaching to non-payment thereof.

There appears to be no real defense to this action and judgment will be awarded the plaintiff against each defendant in the amount received by it, with one bill of costs.