THE PEOPLES NATIONAL BANK AND TRUST COMPANY OF WHITE PLAINS, Respondent, v. COUNTY OF WESTCHESTER and THE CITY OF WHITE PLAINS, Appellants.* — Order granting summary judgment and judgment entered thereon reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, on the ground that there is an issue of fact to be tried, to wit, the issue as to whether or not there was discrimination in the levying of the tax. The act is not invalid. If the assessors erred, it was in the exercise of the power granted. Because plaintiff has omitted to avail itself of the opportunity of grievance day and to appeal to the courts by certiorari proceeding as provided by the Tax Law, it may have barred itself from other remedy. Lazansky, P. J., Hagarty and Carswell, JJ., concur; Young and Scudder, JJ., dissent and vote to modify so as to provide that costs be stricken out. [See 145 Misc. 745; *post*, p. 847.]

PERFECT APARTMENTS, INC., and Others, Respondents, v. DELEVAN LUMBER COMPANY, INC., Appellant, Impleaded with HARDWOOD PRODUCTS CORPORATION, Respondent, I. BLITSTEIN & SONS, INC., and LOUIS BLITSTEIN, Defendants.— Order granting on condition plaintiffs' motion for a preliminary injunction and order denying motion to dismiss the complaint affirmed, with ten dollars costs and disbursements to plaintiffs, respondents, with leave to defendant Delevan Lumber Company to answer within ten days from the entry of the order herein. The opportunity to have an immediate trial of the issues made unimportant as a practical matter the technical challenge of the right of the plaintiffs to maintain the action so far as the Delevan Lumber Company was concerned, especially in view of the conflict in the affidavits as to whether or not the Delevan Lumber Company is a holder in due course. The action could have been tried on the merits before this appeal was decided, and the right of the Delevan Lumber Company to its money determined with finality. The appellant should avail itself of the opportunity for an immediate trial and have the matter disposed of on the merits and not as a mere naked matter of pleading. Lazansky, P. J., Kapper, Hagarty and Carswell, JJ., concur; Davis, J., dissents and votes to reverse both orders, with the following memorandum: The complaint does not set forth a cause of action. There is no valid lien shown under section 4 of the Lien Law, there being no privity between the plaintiff and the Hardwood Products Corporation. The burden is on the plaintiffs to show that defendant Delevan Lumber Company is not the holder in due course of the notes unless it can establish that the title thereto is defective (Neg. Inst. Law, § 98); and the plaintiffs have made no showing that said defendant was not a holder in due course — nor have sufficient facts been shown to furnish a basis for an action of interpleader or in the nature of interpleader.

GEORGE D. PEYSSON, Appellant, v. BLUE STAR TOURIST SERVICE, INC., and KEW. FOREST COACH CO., INC., Respondents.— Judgment and order reversed on the law and the facts and a new trial granted, costs to appellant to abide the event. Upon the record, the question of plaintiff's contributory negligence was one of fact for the jury. (*Metzger* v. *Cushman's Sons, Inc.*, 243 N. Y. 118; *Shuman* v. *Hall*, 246 id. 51; *Ward* v. *Clark*, 232 id. 195.) Kapper, Hagarty, Carswell and Davis, JJ., concur; Lazansky, P. J., dissents.