weight of the evidence, and also upon the ground that the writings purporting to be plaintiff's signature at folios 784, 787, 789 and 790 of the record were improperly admitted in evidence. (*People* v. *De Kroyft,* 49 Hun, 71, 75; *People* v. *Molineux,* 168 N. Y. 264, 326; *Turnure* v. *Breitung,* 195 App. Div. 200, 204.) Kelly, P. J., Rich, Manning and Young, JJ., concur; Kapper, J., not voting.

PETER J. DOWNEY, Respondent, v. JOHN KENNEDY and Another, Individually and as Copartners, etc., and Another, Appellants.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Jaycox, Kelby and Young, JJ.

EATONTON COTTON MILLS, INC., Respondent, v. THE GOODYEAR TIRE AND RUBBER COMPANY, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Rich, Jaycox, Kelby and Young, JJ., concur.

In the Matter of Acquiring Title by the CITY OF NEW YORK, Respondent, to Certain Lands and Premises Situated on the Southerly Side of Suwanee Avenue, between Shoshone Street and Thames Street, etc., in the Borough of Queens, City of New York, Duly Selected as a Site for School Purposes According to Law. METROPOLIS LAND COMPANY, Appellant.— Final decree unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Jaycox, Kelby and Young, JJ.

In the Matter of the Construction of the Last Will and Testament of GEORGE SCHUSTER, Deceased.— While we are of opinion that it was the intention of the testator that the taxes on the unproductive real property should be chargeable to income payable to the life tenant, and that the finding of an imperative power of sale and consequent equitable conversion was unnecessary to the decision on this point, we disagree with the conclusion of the learned surrogate [See 123 Misc. 314] that the legacy to the widow operated to extinguish her claim under the promissory note, in that the intention of the testator that the debt should be satisfied by the legacy is not made to appear, for the reason that the debt was not in existence at the time of the making of the will, and was recognized by him as such shortly prior to his death. (*Adams* v. *Olin,* 61 Hun, 318, 323; *Heisler* v. *Sharp,* 44 N. J. Eq. 167, 170.) The order of the Surrogate's Court of Westchester county is, therefore, modified by striking therefrom the provisions that the 5th paragraph of the testator's will created an imperative power of sale and operated as an equitable conversion, and that the acceptance by the life tenant of the legacy under the 3d paragraph of the will operates as an extinguishment of her claim on testator's promissory note, and as so modified affirmed, without costs. Kelly, P. J., Rich, Jaycox, Kelby and Young, JJ., concur. Settle order on notice.

LENA KLAIBER, Respondent, v. M. G. BABCOCK COMPANY, a Corporation, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Jaycox, Kelby and Young, JJ.

HERBERT P. LUCE, as Trustee in Bankruptcy of BARTO-PHILLIPS Co., INC., Respondent, v. HERMANN C. WURM and Another, Appellants.— Order modified and motion granted by striking therefrom the following items, viz., payments made by defendants; agreements for extra work; defendants' entry into possession of the house; the bonding of the mechanic's lien referred to in paragraph 7 of the answer; the action of Cranston Woodworking Company on said lien; defendants'