WILLIAM METZGER, an Infant, by FREDERICK METZGER,
His Guardian ad Litem, Respondent, *v.* CUSHMAN'S
SONS, INC., Appellant.

FREDERICK METZGER, Respondent, *v.* CUSHMAN'S SON'S,
INC., Appellant.

**Negligence — motor vehicles — collision at street intersec-
tion — right of way — erroneous charge eliminating from jury
city ordinance regulating right of way at street intersections.**

1. The question of negligence and contributory negligence, in street
intersection cases, depends upon speed and distance, together with the
respective rights and duties of the parties as declared by city ordinance.
The law does not undertake to say at what particular point or at what
particular distance one vehicle may proceed in front of another. The
right of way depends upon all the circumstances in light of the duties
imposed by the ordinance. (*Ward* v. *Clark*, 232 N. Y. 195; *Shirley*
v. *Larkin Co.*, 239 N. Y. 94, followed.)

2. In an action to recover for injuries received by the infant plaintiff
as the result of a collision at a street intersection in the city of New
York, between a motorcycle on which he was riding and defendant's
motor truck which approached from his right, it was error for the court
to charge " that if the jury finds, from all the evidence, that the
infant plaintiff driving east on Belmont avenue going at the rate of
eight to ten miles an hour, between the building line and the curb,
when the truck was ninety feet away going at the rate of seventeen
to twenty-five miles an hour, then the ordinance that vehicles to the
right have the right of way has no application." It was for the jury
to say, considering and applying the ordinance, whether or not the
plaintiff had the right of way under the circumstances and exercised
reasonable care in proceeding across the intersecting street.

*Metzger* v. *Cushman's Sons, Inc.*, 215 App. Div. 829, reversed.

(Argued May 12, 1926; decided June 8, 1926.)

APPEAL in each of the above-entitled actions, by per-
mission, from a judgment of the Appellate Division of
the Supreme Court in the second judicial department,
entered January 12, 1926, unanimously affirming a judg-
ment in favor of plaintiff entered upon a verdict.

*Theodore H. Lord* and *Alfred W. Andrews* for appellant. Serious prejudicial error was committed by the trial court in charging the requests at the instance of the plaintiff's counsel. (*Shirley* v. *Larkin*, 239 N. Y. 96; *Brillinger* v. *Ozias*, 186 App. Div. 221; *Woodward* v. *New York Railways Co.*, 164 App. Div. 658; 221 N. Y. 659; *Ford* v. *N. Y. City Interborough Co.*, 236 N. Y. 346; *Kellegher* v. *42nd Street Crosstown Ry. Co.*, 171 N. Y. 309; *Goodkind* v. *Metropolitan Street Ry. Co.*, 93 App. Div. 155; *Fiori* v. *Metropolitan Street Ry. Co.*, 98 App. Div. 49; *Ward* v. *Clark*, 232 N. Y. 195.)

*James A. Gray, William S. Butler* and *Sidney Gondelman* for respondent. The exceptions presented by appellant are entirely without merit. (*Shipman* v. *Whalen*, 234 N. Y. 283; *Murray* v. *Rosenheim*, 241 N. Y. 562; *Schumer* v. *Caplin*, 241 N. Y. 346; *Salm* v. *Bleau*, 241 N. Y. 614; *Rounds* v. *Fitzgerald*, 207 App. Div. 534; 239 N. Y. 568; *Petring* v. *Albers*, [Mo. App.] 241 S. W. Rep. 452; *Esmark* v. *Tandler*, 204 App. Div. 554; *Bramley* v. *Dilworth*, 274 Fed. Rep. 267; *Salmon* v. *Wilson*, 227 Ill. App. 286.)

CRANE, J. The charge of the court in this case regarding the rights of vehicles approaching intersecting street crossings must have left the jury in some doubt as to the application to be made by them of the ordinances of the city of New York. Section 15 of chapter 24 of the Code of Ordinances directs:

"Every driver of a vehicle approaching the intersection of a street or public road shall grant the right of way at such intersection to any vehicle approaching from his right; provided, that wherever police officers are stationed, they shall have full power to regulate traffic.'

William Metzger on the 16th day of August, 1924, was crossing Bradford street on Belmont avenue in the borough of Brooklyn, city of New York, when he was run into by

or collided with the defendant's motor truck coming through Bradford street. He was very severely injured.

As in so many of these street intersection cases the question of negligence and contributory negligence depended upon speed and distance, together with the respective rights and duties of the parties as declared by the ordinance. The law does not undertake to say at what particular point or at what particular distance one vehicle may proceed in front of another. The right of way depends upon all the circumstances in light of the duties imposed by this ordinance. The plaintiff on a motorcycle was going east on Belmont avenue approaching Bradford street. The motor truck was coming from his right going north on Bradford street. The plaintiff says he was proceeding at about eight miles an hour. The truck was coming at eighteen or twenty-five miles an hour. These speeds are at best approximations. Jurors might differ as to the respective speeds. As the motorcycle got beyond the building line on the west side of Bradford street, the plaintiff could see to his right and did see the motor truck coming up. Exactly where the plaintiff was must also be a question of fact dependent upon the accuracy of statement and the conclusion to be drawn from the testimony of the witnesses. He was somewhere between the building line and the curb when he saw the truck ninety feet away, and proceeded across the intersection until he was struck. The defense claimed that the plaintiff ran into the side of the truck.

The main charge to the jury accurately stated in substance the law as laid down by us in *Ward* v. *Clark* (232 N. Y. 195) and *Shirley* v. *Larkin Co.* (239 N. Y. 94). If counsel for the plaintiff had left his case to the judge's charge the error now complained of would not have occurred.

Certain requests, however, were made which, as we have said, must have left the jury in doubt as to what was meant by the judge in his charge, or else have given them

a wrong impression regarding the way in which they could and should apply the above ordinance to the facts as they might find them. The court was requested to charge:

" By Mr. Rees: I ask your Honor to charge the jury that if the jury finds, under the circumstances, at the time of this collision, and just before the collision, when the two vehicles were approaching the point of collision, the defendant had the right of way, if they determine that the defendant did have the right of way, then it was plaintiff's duty to stop his motorcycle if necessary to avoid a collision.

" The Court: I so charge.

" By Mr. Butler (Plaintiff's counsel): In view of the last request of Counsel, I ask your Honor to charge the jury that if the jury finds, from all the evidence, that the infant plaintiff driving east on Belmont avenue going at the rate of eight to ten miles an hour, between the building line and the curb, when the truck was ninety feet away going at the rate of seventeen to twenty-five miles an hour, then the ordinance that vehicles to the right have the right of way has no application.

" The Court: I should say so, gentlemen.

" By Mr. Rees: Exception."

As bearing upon the question of the plaintiff's contributory negligence or the defendant's negligence, the court eliminated altogether the ordinance from the consideration of the jurors if they should find that the plaintiff, traveling eight or ten miles an hour, was between the building line and the curb when the truck was ninety feet away, traveling at the rate of seventeen to twenty-five miles an hour. This was in effect saying that under such conditions the plaintiff as matter of law had the right of way. Whether it were seventeen or twenty-five miles an hour, or eight or ten miles an hour might have made considerable difference with the jurors in determining the right of way if they were also to consider

and apply the ordinance. It is not the law that the ordinance has no application to the circumstances assumed in the request. The jurors were obliged to consider the ordinance. It could not be eliminated from the case by the court as matter of law merely because the vehicles were the given distance apart. Even if the distances were as stated in the request and the speed of the truck were twenty-five miles an hour and that of the motorcycle eight miles an hour, it would still be for the jury to say, considering and applying the ordinance, whether or not the plaintiff had the right of way under the circumstances, and exercised reasonable care in proceeding across Bradford street.

What we have said in the cases above referred to indicates that the plaintiff was not obliged to wait and give way to a vehicle coming from his right no matter how far away it was. The limitations of the ordinance and the way in which it should be applied were stated by us in these cases and were also fairly stated by the court in its charge. However, the last thing stated to the jury was this erroneous request which cannot be considered a harmless error.

It is our duty, therefore, to reverse these judgments and send the cases back for a new trial, with costs to abide the event.

HISCOCK, Ch. J., POUND, McLAUGHLIN, ANDREWS and LEHMAN, JJ., concur; CARDOZO, J., dissents and votes to affirm under provisions of section 106 of the Civil Practice Act.

Judgments reversed, etc.