HASSO CONSTRUCTION CO., INC., Respondent, v. CONDUIT PARK ESTATES, INC., Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Young, Hagarty and Scudder, JJ.

WILLIAM HOEFNER, Respondent, v. OTTO SIEGLER, Appellant.— Judgment reversed upon the law and a new trial granted, costs to appellant to abide the event. We are of opinion that the learned trial court erroneously charged the jury regarding the rights of vehicles approaching street crossings. (Metzger v. Cushman's Sons, Inc., 243 N. Y. 118; Ward v. Clark, 232 id. 195; Shirley v. Larkin Co., 239 id. 94; Shuman v. Hall, 246 id. 51.) The rule that in approaching intersecting streets the car approaching from the left must give way to the car approaching from the right must be reasonably applied. Drivers of vehicles so approaching must each exercise care and prudence, and the questions of negligence and contributory negligence depend upon the circumstances of the case together with the respective rights and duties of the parties as declared by city ordinances or by the Vehicle and Traffic Law.* The law does not say at what particular distance from the point of crossing one vehicle may proceed to cross in front of another. But when a collision is imminent, the one approaching from the left must give way to the one approaching from the right. Bearing the general rule in mind, it is for the jury to say, in the circumstances of each case, where the fault lies. Lazansky, P. J., Hagarty and Scudder, JJ., concur; Rich and Young, JJ., dissent and vote to affirm.

In the Matter of Acquiring Title by THE CITY OF NEW YORK to Certain Lands and Premises Situated on the Northerly Side of Copeland Avenue between Montague and Griffiths Avenues, Glendale, Borough of Queens, City of New York, Duly Selected as a Site for School Purposes, According to Law. REGINA V. FISHER, Respondent; CHARLES W. BERRY, Individually and as Comptroller of the City of New York, Appellant.— Peremptory mandamus order granted on petitioner's motion reversed upon the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The final decree in the condemnation proceeding provided for doing precisely what the comptroller did in the present instance. Section 1439 of the Greater New York Charter † provides the procedure whereby the petitioner may get the amount of the award in connection with a determination of the validity of the adverse liens and claims filed with the comptroller against the award. There is no theory upon which, nor any provision of law under which, the making of the order appealed from can be justified. Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ., concur.

* See Code of Ordinances of City of New York, chap. 24, § 15, subd. 1; Vehicle & Traffic Law, § 82, subd. 4.— [REP.

† See Laws of 1901, chap. 466, § 1439, as added by Laws of 1915, chap. 596.— [REP.