In the Matter of the Estate of GEORGE SCHUSTER, Deceased.

Surrogate's Court, Westchester County, January 31, 1934.

*McLaughlin & Stickles*, for the executrices.

*Gescheidt & Gillette*, for Elizabeth Schuster, as executrix, etc., of Louise Schuster, deceased, the former life tenant.

Slater, S. The executrices are accounting in this estate. The testator, an elderly man, died August 3, 1923. He appointed as executrices his widow, his fourth wife, and his three children by former marriages. The will gave a legal life estate in all his property to his widow for her support and maintenance, with the remainder to the children. The will contained a power of sale. The estate consisted chiefly of unimproved and unproductive real estate.

The will was construed in this court with regard to two certain matters (*Matter of Schuster*, 123 Misc. 314). One of the phases of the will construed affects this accounting proceeding. The fifth paragraph of the will authorized the executrices for the purposes of the will to sell and convey real property, giving them authority to invest the money realized from any such sale in the improvement of any part of "my unimproved real estate, or in the purchase of improved real estate."

At that time the petitioner sought construction as to whether the taxes and other carrying charges upon unproductive portions of decedent's real estate should be borne by the residuary estate, *i. e.*, the principal, or whether it should be deducted from the income of the estate payable to the petitioner, the widow. The court held that the power of sale contained in the will was an imperative one to sell the real estate; that it was the intention of the testator to create an equitable conversion of the real estate; that the will contained directions to the effect that the life tenant should "pay, bear and discharge out of the income thereof all necessary charges for maintenance and repair of same, including taxes, assessments, insurance and repairs, retaining the net balance of said income for her own use;" that the life tenant must pay all necessary charges out of the income of the life estate.

The opinion further relates to the question of the apportionment of the proceeds of sale, as well as the increase in value of unproductive real estate.

Upon appeal the decision was modified by striking from the decree

the finding as to equitable conversion on the ground that the question was not previously raised nor necessary to the decision of the court. (*Matter of Schuster,* 212 App. Div. 885.)

On November 1, 1926, the executrices filed their first account, decree being entered December 28, 1926.

On October 29, 1928, the life tenant petitioned the court requesting a construction of the will with respect to the question of equitable conversion. The court held the power of sale contained in paragraph fifth of the will to be imperative and to have effected an equitable conversion of the testator's realty into personalty as of the date of his death.

Upon appeal a divided court reversed the decree and dismissed the petition on the ground that " There are no facts in this record which warrant the construction of paragraph 5th of the will as an imperative power of sale." (*Matter of Schuster,* 228 App. Div. 667.)

On January 17, 1930, the life tenant again petitioned for a construction of the will and for a decree with regard to the equitable conversion of the realty. On the trial the attorneys then in support of the allegations of the petition presented ample evidence and the court again found and decreed that said power of sale was imperative and had resulted in an equitable conversion of the testator's realty into personalty as of the date of his death.

On appeal such decree was unanimously affirmed. (*Matter of Schuster,* 232 App. Div. 841.) On April 2, 1931, an order was made making the order of the Appellate Division the order and judgment of this court and directing that " the executrices exercise the said power of sale contained in said last will and testament and sell sufficient of the real property of said estate to produce the sum of one hundred thousand ($100,000) dollars on or before July 1st, 1931." Leave to appeal to the Court of Appeals was denied. (*Matter of Schuster,* 233 App. Div. 750.) Leave to appeal was also denied by the Court of Appeals on the 9th day of June, 1931. (See N. Y. L. J., June 10, 1931.)

Lots 168 and 169 on the map of Fleetwood were taken in condemnation proceedings by the Westchester county park commission and property known as No. 103 Stevens avenue, Mount Vernon, was sold in February, 1931, by the executrices, apparently because it adjoined a parcel owned by one of the remaindermen which was also sold at the same time to the same buyer.

On June 25, 1931, in a proceeding brought by the widow, the court granted a decree fixing the portion of the proceeds of the above sale to which the life tenant was entitled and directed the payment of such sum to her.

The widow, the life tenant, died November 2, 1931.

The present accounting is for the period intervening between the 1926 accounting and the date of the death of the life tenant. The executrix of the will of Louise Schuster, the deceased widow and life tenant, appears herein and files objections, contending: (1) That the power of sale contained in the will is imperative and resulted in an equitable conversion of testator's real estate into personalty at the time of his death; (2) that the loss and expense incident to the executrices' failure and refusal to exercise the power of sale must be borne solely by them, and asking the court to fix the time when such sale should reasonably have taken place and the reasonable value of the parcels of realty at that time; (3) that equitable conversion having taken place, the taxes and other carrying charges should be borne by the principal between the date of the death of the testator and the date when, as determined, the same should have been sold, and after that date by the remaindermen.

The law of the case is that an equitable conversion took place at the time of the testator's death. (*Matter of Schuster*, 232 App. Div. 841.) This ruling is supported by equitable doctrines set forth in *Lawrence v. Littlefield* (215 N. Y. 561); *Furniss v. Cruikshank* (230 id. 495); *Matter of Jackson* (258 id. 281); *Matter of Satterwhite* (262 id. 339); *Matter of Boyle* (140 Misc. 523, 528).

The special and primary object of decedent's solicitude was his wife. He considered the needs of the life tenant, not the benefit to the principal of his estate. Often children of former marriages object to third and fourth wives and that is the underlying reason in the instant case for the arbitrary and contemptuous refusal of the executrices to sell the property, or at least enough of it to support decedent's widow during her lifetime. The widow was about sixty-eight years of age at the date of her death. Unless equity steps in, the provision for the widow and her estate will be rendered nugatory.

I hold that a reasonable time to have sold the real property was one year after date of letters testamentary, namely, August 29, 1924, the letters having been issued on August 29, 1923. (*Lawrence v. Littlefield*, 215 N. Y. 561, 583; *Matter of Garvin*, 256 id. 518; *Kilvington v. Gray*, 2 Sim. & Stu. 396.) At this time there was a good market for real estate and it continued to be such until the fall of 1929. The numerous hearings had before me from time to time, as well as consultations with me by all the parties, lead me to believe that whatever price was offered for any property was not quite enough for the daughters for obvious reasons, their own enrichment. At the present hour, they are viewing with a powerful hindsight a wreckage to their own fortunes through their non-action regarding sale at a time when the market was at the peak.

The language of the will which calls upon the life tenant to bear and discharge out of income all necessary charges for maintenance of real estate as decreed in *Matter of Schuster* (123 Misc. 314), applies only to the period of one year from letters testamentary. At such time the testator intended this estate to be in personalty, free from payment of taxes and such real estate charges. The life tenant probably received the income of the productive real property from the time of testator's death, less maintenance charges for all real estate for one year.

I hold that the objector's estate is entitled to interest at four per cent per annum upon the values of the several parcels of real estate from the date of decedent's death, August 3, 1923, until the date of the widow's death, November 2, 1931, to represent the amount of income which presumably would have been earned had the property been sold in August, 1924. (*Matter of Satterwhite, supra,* 343.) I hold that such an amount of money is a charge upon the decedent's widow, less charges for one year for taxes, etc.

Proof should be taken of the reasonable net value of the several parcels of real estate as of one year immediately after the date of letters testamentary. I will refer the matter to a referee to take testimony and report to this court the value of said real properties on August 29, 1924; to take proof of any income received by the life tenant between August 3, 1923, and November 2, 1931, the date of her death; to determine whether the life tenant is indebted to the estate for unpaid maintenance charges between August 3, 1923, and August 29, 1924, and whether the life tenant received all the income to which she was entitled. Such order of reference may be submitted upon notice to attorneys appearing.

Proceed according to this decision.