BENJAMIN F. DEAGOSTINA, as President of the Allied Motion Picture Operators Union, etc., Respondent, v. SIGNAL THEATRE CORP., Appellant.— In view of the decision on the appeal (*post*, p. 913), decided herewith, the motion for a stay is dismissed. Present — Lazansky, P. J., Young, Hagarty, Adel and Taylor, JJ.

GRACE E. STIMPSON, Appellant, v. HENRY C. S. STIMPSON, Respondent.— In view of the decision of the appeal herein (*post*, p. 919), decided herewith, the motion to dismiss the appeal is dismissed. Present — Lazansky, P. J., Young, Hagarty, Adel and Taylor, JJ.

OLUFINE ANDERSON and CHRISTIAN ANDERSON, Appellants, v. ROBERT M. BURKARDT, Respondent.— In an action to recover for personal injuries alleged to have been sustained in an automobile accident and for loss of services, judgment of the County Court of Nassau county in favor of defendant, entered on a verdict, affirmed, with costs. No opinion. Lazansky, P. J., Young, Adel and Taylor, JJ., concur; Hagarty, J., dissents and votes for reversal on the law and for a new trial, with the following memorandum: In my opinion, the court made two cardinal errors of law in its charge. The first involves the part of the charge as follows: " There are certain rules of the road which may enter into this case. One is that the car on the right-hand has the right of way. That is to say, after the plaintiffs' driver had made a left-hand turn that brought the defendant's car approaching from his right, so that under the rules of the road the defendant had the right of way." To that an exception was duly taken, which exception was sufficient to raise the question without a further request to charge. An almost identical situation was presented to the Court of Appeals in *Metzger* v. *Cushman's Sons, Inc.* (243 N. Y. 118), where it was held that the rule of law involving the right of way does not undertake to say at what particular point or at what particular distance one vehicle may proceed in front of another, and that it was for the jury to say whether or not the plaintiff had the right of way under the circumstances and exercised reasonable care in proceeding across the intersecting street. The vice in the charge here is that the jury was told as a matter of law that the defendant had the right of way. The second error involved the request to charge, made by plaintiffs' counsel, that if the jury found that plaintiff Olufine Anderson was free from contributory negligence and that the defendant was negligent in driving his car, " she [plaintiff wife] is entitled to recover although the driver of the car in which she was riding might be guilty of negligence which contributed to her injury." Clearly, the plaintiffs were entitled to that charge in view of the fact that the court had not made clear to the jury that the plaintiff wife was entitled to recover if her injuries resulted from the concurrent negligence of the driver of the car in which she was riding and the defendant. The court should have instructed the jury that the plaintiffs could recover if defendant's negligence contributed to the injury and was a direct and proximate cause thereof, even though the driver of the car in which the plaintiff wife was riding was guilty of negligence which contributed to the injury. (*Burd* v. *Bleischer*, 208 App. Div. 499.)

MAXIM BOBINSKI, Respondent, v. WLADYSLAW ZEBROWSKI, Appellant.— In an action to recover chattels, order of the County Court of Suffolk county denying, upon condition, defendant's motion to vacate and set aside a requisition and all proceedings had thereunder affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Carswell, Davis, Johnston and Adel, JJ., concur.