In the Matter of the Estate of GEORGE SCHUSTER, Deceased.

Surrogate's Court, Westchester County, March 22, 1938.

*McLaughlin & Stickles*, for Hilda S. Sullivan, Elsie Ronan and Anna M. Stewart, as surviving executrices, etc.

*Gescheidt & Gillette*, for the objectant.

MILLARD, S.   Upon the settlement of an order surcharging the accounting executrices, a question has been raised as to whether interest should be allowed on the amount of the surcharge from the date of the death of the life tenant on November 2, 1931.

The facts leading up to the presentation of the order now under consideration may be briefly stated as follows:

The decedent died on August 3, 1923.   His will, probated on August 29, 1923, gave his widow a legal life estate in all of his property for her support and maintenance with remainder to his children.

By a decision of this court (*Matter of Schuster*, 123 Misc. 314) it was held that the power of sale contained in the will was imperative and had resulted in an equitable conversion of the testator's realty into personalty as of the date of death.   By a later decision

(150 Misc. 444) it was held that the real property should have been sold by the executrices one year after the date of the issuance of letters testamentary, on August 29, 1924. The matter was referred to Albert Richie, Esq., as referee to take testimony and report as to such values. The referee filed his report and the same was confirmed on October 6, 1937. The referee found the real property in question to have a value, on August 29, 1924, of $89,300. Following a former ruling of this court (150 Misc. 444), holding that interest should be computed at the rate of four per cent per annum from the date of the decedent's death to the date of the death of the life tenant, interest for such period has been fixed at the sum of $29,469. After deducting the sum of $11,208.50 found by the referee to have been received by the life tenant during such period, there remains a balance of $18,260.50 due her estate.

The only question now before the court is whether interest should be allowed on the said sum of $18,260.50 from the date of the life tenant's death on November 2, 1931.

The briefs submitted by counsel have been of little aid to the court and independent research has failed to bring forth any authority directly in point on this question.

As a general proposition, compound interest is not favored by the courts. (*Young* v. *Hill*, 67 N. Y. 162; *Brown* v. *Knapp*, 79 id. 136; *Ellis* v. *Sullivan*, 241 Mass. 60; 134 N. E. 695; *Cherokee Nation* v. *United States*, 270 U. S. 476.) Under the laws of contract it is well settled in this State that, in the absence of an express contract or statutory authority, compound interest is not allowed.

In *Young* v. *Hill* (*supra*, at p. 167) the court summarized the law of contracts on this problem as follows: " When, by the terms of an obligation, interest is payable at stated periods, interest upon interest from the time it becomes due, only gives the creditor the usual and legal equivalent for the non-payment of money payable at a day certain, and in some States recovery may be had of interest upon interest under such circumstances without a special contract to that effect. *With us it is not allowed.* Two propositions are definitely settled by adjudication: first, that an agreement to pay interest upon interest must, in order to its validity, be made after the interest which is to bear interest has become due, and second, that it must be supported by a sufficient consideration. A mere voluntary promise, without a consideration, is a *nudum pactum* and cannot be enforced." (Italics mine.)

Likewise it seems to be well settled that in a case of legacies recovery by a legatee is limited to simple interest from the date the legacy becomes due and payable. (*Brown* v. *Knapp, supra.*) In that case the court denied compound interest, but made the

following statement (at p. 145) by way of dictum: " Compound interest at some rate is sometimes allowed against trustees who have been guilty of bad faith or some other wrong to the beneficiaries of the trust."

In the case of *Boardman* v. *Lake Shore & Michigan Southern R. Co.* (84 N. Y. 157) the court, on a motion for reargument, had occasion to pass upon the question of whether interest should be allowed on dividends on corporate stock from the date of their declaration and accrual. In support of arguments in opposition to such allowance of interest counsel cited English authorities with reference to the allowance of interest due annuitants upon arrears of an annuity. In disposing of such arguments, the court said (at p. 189): " The learned counsel for the appellant has cited several English authorities where the courts have refused to allow interest to annuitants upon the arrears of an annuity although there were circumstances which before induced the courts to allow it. (*Aylmer* v. *Aylmer*, 1 Malloy, 87; *Anderson* v. *Dwyer*, 1 Schoales & Lefroy, 301; *Booth* v. *Lycester*, 3 Mylne & Craig, 459; *Earl of Mansfield* v. *Ogle*, 4 DeG. & J. 38; *Torre* v. *Brown*, 5 House of Lords Cases, part 1, 555; *Booth* v. *Coulton*, 7 Jurist [N. S.], part 1, 207; *Jenkins* v. *Bryant*, 16 Simons, 272.) We have given to these cases the most careful consideration and they appear to establish a practice in the English courts to refuse interest upon annuities except under special circumstances, and one of these (3 Mylne & Craig, 459) appears to have been decided upon a question of intention."

In the absence of any binding authority, the court is free to exercise its discretion in the light of all the circumstances. The equities must be weighed. On the one hand, the legal representative of the life tenant has a just grievance in that the widow, during her lifetime and her estate since her death, have been deprived of the use of the income in question. It is to be presumed that some income could have been realized by the investment or other use of such funds. On the other hand, the income in question is purely fictitious. The corpus of the trust consists of unimproved real property which not only produced no income, but which, on the contrary, has been a burden to carry during these many troublesome years. While greed may have motivated the remaindermen in refusing and neglecting to sell the real property prior to 1929, there is no evidence of such bad faith, or other wrong, to the life tenant as to justify the imposing of a penalty. In the absence of an express valid contract, a direction to pay interest on interest can well be deemed a penalty.

The court does not agree with counsel that section 480 of the Civil Practice Act is applicable to the facts of this case and binding upon the court. The request for interest on the sum found to be due the life tenant's estate from November 2, 1931, is denied.

Request has also been made by counsel for the executrix of the estate of the life tenant that their fees and disbursements, in this proceeding, be fixed. The proposed decree now before the court is merely preliminary to the final decree on the accounting. All questions of allowance to counsel are deferred for determination on submission of the final decree on this accounting.

Settle decree accordingly.