GEORGE HARPER, Respondent, v. S. S. KRESGE COMPANY, Appellant.— Judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event, unless the plaintiff shall, within ten days, stipulate to reduce the verdict to the sum of $2,500, as of the date of the rendition thereof, in which event the judgment is modified accordingly and, as so modified, is, together with the order, affirmed, without costs of this appeal to either party. Memorandum: The evidence justified the submissions to the jury and we find no reversible error of law. All concur. (The judgment is for plaintiff in an action for damages for loss of services of, and medical attendance for, plaintiff's wife, injured as stated in the companion case last above.) Present — Sears, P. J., Lewis, Cunningham, Taylor and Dowling, JJ.

AUGUST WALHEIM, Respondent, v. CITY OF BATAVIA, Appellant.— Judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: While the evidence is sufficient to sustain the finding of the jury that defendant was negligent in failing to give suitable warning of the presence of sewer tiles and bricks which were placed upon the grass shoulders at the edge of the traveled portion of the highway, we think that the plaintiff's failure — although it may have been inadvertent — to adduce evidence tending to prove that his vision was not wholly obscured due to weather conditions then obtaining, and that he made reasonably careful observation of existing highway conditions, compels the conclusion that the jury's finding that plaintiff was free from fault is against the weight of evidence. " It is a fundamental principle in the law of this State that, in an action for a personal injury based on negligence of the defendant, the absence of negligence on the part of the plaintiff, contributing to the injury, must be affirmatively shown by plaintiff either by direct proof or by circumstances, and that no presumption arises from the mere happening of an injury and proof of negligence on the part of the defendant, that the plaintiff was free from blame." (Weston v. City of Troy, 139 N. Y. 281, 282.) The judgment and order should be reversed on the facts and a new trial granted, with costs to the appellant to abide the event, upon the ground that the proofs, by a fair preponderance thereof, fail to establish plaintiff's freedom from contributory negligence. All concur, except Sears, P. J., and Crosby, J., who dissent and vote for affirmance. (The judgment is for plaintiff in an action for damages for personal injuries and property damage to an automobile, sustained by reason of an automobile colliding with an obstruction in the street. The order denies a motion for a new trial.) Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ.

FIRST TRUST AND DEPOSIT COMPANY, as Receiver, etc., of HENRY G. HAMLIN, Appellant, v. HENRY G. HAMLIN and Others, Respondents.— Judgment affirmed, with costs. Finding of fact No. 16 modified. Memorandum: There is undisputed evidence that in 1933, and when Hamlin was solvent, he released Blanche King and Hazel Merrifield from all their obligations to him, including the judgment in question, and that such release was for a good consideration. All concur. (The judgment is for defendants in an action to set aside conveyance of realty in fraud of creditors.) Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ. [See, also, 253 App. Div. 867; 254 id. 640; 278 N. Y. 736.]