In the Matter of the Second Intermediate Judicial Settlement of the Account of Proceedings of HILDA S. SULLIVAN and Others, Surviving Executrices, etc., of GEORGE SCHUSTER, Deceased.*

ELIZABETH S. SCHUSTER, as Executrix, etc., of LOUISE SCHUSTER, Deceased, Appellant; HILDA S. SULLIVAN and Others, as Executrices, etc., of GEORGE SCHUSTER, Deceased, Respondents.

Second Department, May 15, 1939.

* Modfg. and affg. 167 Misc. 194.

*Charles P. Carney*, for the appellant.

*Chester B. McLaughlin* [*Gordon W. McKean* with him on the brief], for the respondents.

HAGARTY, J. In accordance with an imperative power of sale, the executrices of the will of George Schuster, deceased, were required to convert unimproved realty into personalty and to pay over to a life tenant, Louise Schuster, the wife of the testator, the income therefrom. (*Matter of Schuster*, 232 App. Div. 841.) The testator died on the 3d day of August, 1923, and the life tenant on the 2d day of November, 1931. During this period the executrices refused to sell the realty, despite repeated efforts on the part of the life tenant to have them do so, and thus the latter was deprived of the use and enjoyment of the income.

Because of the failure of the executrices to comply with the provisions of the will it was necessary to estimate the income which would have accrued had the realty been converted and which would have been paid over to the life tenant, namely, a sum computed at the rate of four per cent per annum upon the value of the real estate as of August 29, 1924, " to represent the amount of income which presumably would have been earned had the property been sold in August, 1924." (150 Misc. 444, 448.) Thus the decree provides, in effect, for no more than the actual income which would have accrued and been paid to the life tenant during the period in question if the realty had been converted pursuant to the direction contained in the will. The decree determines that $18,260.50 is the " amount due from the accountants to the life tenant, the said Louise Schuster, on November 2, 1931, the date of her death."

Appellant, the executrix of the estate of the life tenant, seeks interest on the amount computed only from the date of the death of the life tenant. If interest be not added the respondents' estate will be unjustly enriched as the result of the failure of the representatives of that estate to comply with the terms of the will and to pay the income when it was due. Irrespective of statutory provisions, in the circumstances justice requires the allowance of interest. " The test is not whether the demand is liquidated. Was the plaintiff entitled to a certain sum? Should the defendant have paid it? Could the latter have determined what was due, either by computations alone or by computation in connection with established market values, or other generally recognized standards?" (*Faber* v. *City of New York*, 222 N. Y. 255, 262.) Here the respondents' estate may not take advantage of its refusal to pay the amount when it was due by claiming that this very refusal resulted in an

unliquidated claim. " More and more the courts are coming over to the view that in actions on implied contracts to recover for services or property, interest is a concomitant very nearly automatic, and this though the value has been honestly disputed. .Interest is now held to be an incident to ' just compensation ' where property has been taken in the exercise of the power of the government. ( *U. S.* v. *Rogers,* 255 U. S. 163; *Seaboard Air Line Ry. Co.* v. *U. S.,* 261 U. S. 299.) It is no less such an incident where liability has its origin in the obligation of a contract." ( *Prager* v. *N. J. Fidelity & Plate Glass Ins. Co.,* 245 N. Y. 1, 6.) The sums which were due and not paid arose from an obligation greater than that of implied contract. Fiduciaries were required so to administer an estate that it would produce an income and to pay that income in accordance with the binding provisions of the will.

The decree of the Surrogate's Court of Westchester county, in so far as appealed from, should be modified by making provision therein for allowance of interest on the amount found to have been due to Louise Schuster, deceased, during her lifetime and as of the 2d day of November, 1931, and as so modified the decree should be affirmed, with costs to appellant, payable out of the estate, and matter remitted to the Surrogate's Court to proceed in accordance with this opinion. The appeal from the decision should be dismissed.

Present — LAZANSKY, P. J., HAGARTY, JOHNSTON, ADEL and TAYLOR, JJ.

Decree of the Surrogate's Court of Westchester county, in so far as appealed from, modified by making provision therein for allowance of interest from November 2, 1931, and, as so modified, unanimously affirmed, with costs to appellant payable out of the estate, and matter remitted to the Surrogate's Court to proceed in accordance with opinion by HAGARTY, J. Appeal from decision dismissed.