Allen Murray Myers, J.
Plaintiff, the assignee of a lease, moves for summary judgment in its action against defendants for rents due plus attorneys’ fees.
The essential facts are as follows: Plaintiff’s assignor, U-Vend, Inc., leased a coffee-vending machine to the defendant Marsi Dress Corp. for 36 months at a monthly rental of $39.50, commencing on September 1, 1968. Performance of the written lease was guaranteed by defendant Martin Friedland, the president of Marsi Dress Corp.
On August 28, 1968, the lease was assigned to plaintiff and on January 1, 1969, defendants defaulted in the payment of the rent due.
The instant action was instituted on February 19, 1969 to recover not only the rent earned for January and February, 1969 but also for the 30 months’ rent not- yet earned plus attorneys’ fees of $252.80, equal to 20% of 32 months’ rent.
Plaintiff’s motion for summary judgment is grounded on the following perfunctory statement: “ The defendants failed to make the payment due on January 1, 1969. Thereafter, the defendants were mailed notice of default and advised that they had the prescribed five days to make the account current, otherwise, pursuant to Clause 13 of the contract * * * we would declare all payments for the entire term of the contract due and payable. The defendants did not respond, nor have they made any subsequent payments to date.”
In response, defendants ’ attorney states that: ‘ ‘ Tender has been made to the plaintiff of rentals owing for the months claimed to be in default. However, the plaintiff has refused to accept such tender unaccompanied by payment of an additional sum of $252.80 for the plaintiff’s attorneys’ fees.”
Plaintiff bases its claim upon Clauses 13, 14 and 15 of the lease, which provide in pertinent part as follows:
“ 13. In case the Lessee’s failure to pay the rentals provided for above or to fulfill or perform the conditions imposed upon *365 the Lessee by this lease, for a period of five (5) days after written notice of such default shall have been given to the Lessee the Lessor shall have the right to declare all rentals (both accrued and unaccrued) for the entire term of the lease, to be past due and payable. At any time that the Lessee is in default as provided herein * * * the Lessor may take possession of the leased equipment * * * and after such possession is taken, all Lessee’s rights in said equipment * * * shall thereupon cease and terminate.
“ 14. The Lessor’s remedies in case of Lessee’s default shall be cumulative * * *
“ 15. * # * the Lessee shall be liable for all expenses Lessor may incur in connection with the enforcement of its remedies, including legal expenses and attorneys’ fees, equal to twenty (20%) per cent of the total unpaid balance ”.
Although plaintiff’s motion for summary judgment would have to be denied because of its failure to allege that it exercised its right under Clause 13 to declare all rentals on the entire lease to be past due and payable, the court chooses not to rest its decision on so restricted a foundation.
The papers raise the more serious issue as to whether Clause 13 is a penal forfeiture which the law will not recognize.
The validity of the clause under scrutiny must be determined as of the date of the contract and not the date of the breach (Seidlitz v. Auerbach, 230 N. Y. 167, 172). While parties to contracts have the right to insert any stipulations they may agree to, they will not be enforced if they are unconscionable and against public policy. (See Mosler Safe Co. v. Maiden Lane Safe Deposit Co., 199 N. Y. 479.)
Under Clause 13 the lessor not only has the right to repossess the machine but also the right to accelerate all of the unaccrued rent, that is, to receive a sum equal to all of the yet unearned rent, no matter how large a sum that might be, upon the lessee’s failure to pay rent when due or upon any other default, no matter how trivial, e.g., “ interfering ” with a metal plate inscribed “ Property of U-Vend, Inc.” (Clause 17.)
The acceleration clause in this instance must be distinguished from that in the usual note situation, because in the former, the rent has not yet been earned, where, in the latter, the consideration has been furnished. This distinction is clearly elucidated in Matter of Merwin & Willoughby Co. (206 F. 116, 119) where the court stated: “ It is plain enough that parties to a contract for the loan of money secured by a note or mortgage may provide for the acceleration of payment of the principal in case of default in the payment of interest, or of installments of prin *366 cipal. In such ease the consideration has been fully furnished, and the only question is time of payment.” The court at page 125 distinguishes this from an acceleration clause in a rental agreement as follows: “ In United Shoe Machinery Co. v. Abbott, 158 F. 762, 86 C. C. A. 118, it was held that 1 a contract by a vendor to pay an amount in excess of lawful interest in the event of his default in the payment when due of a simple contract debt ’ is a contract for a penalty, is against public policy, and unenforceable. It matters not under what guise the provision for a penalty appears, and so here the provision for the precipitation of payment of rent not earned or accrued in due course * * * is evidently a cover for exacting a penalty in case of the financial embarrassment * * * of the lessee”. (See, also, Matter of Barnett, 12 F. 2d 73, cert. den. 273 U. S. 699.)
Judge Breitel, in Manhattan Syndicate v. Ryan (14 A D 2d 323, 327), states an additional criterion to determine whether a clause provides for a penalty, to wit: “ [when] breach was a delay in the payment of money rents * * * it is a relevant general rule that a failure to pay a sum of money due will rarely, if ever, justify a further sum, in excess of interest, to be paid by way of liquidated damages. On the contrary, such a requirement is likely to be condemned as a penal forfeiture which the law will not recognize (Caesar v. Robinson, 174 N. Y. 492, 497; Stimpson v. Minsker Realty Co., 177 App. Div. 536, 539; 14 N. Y. Jur.; Damages, § 167).”
It seems clear therefore that Clause 13 is a penalty which is unenforceable (Seidlitz v. Auerbach, 230 N. Y. 167, supra; Manhattan Syndicate v. Ryan, supra).
There is also at issue, the validity of Clause 15, regarding attorneys’ fees. A contract may provide for the payment of attorneys’ fees by a defaulting party, but those fees are recoverable solely as a contract right and not as damages (13 N. Y. Jur., Damages, § 145; Roe v. Smyth, 278 N. Y. 364; Waxman v. Williamson, 256 N. Y. 117).
However, the stipulated fee must bear a reasonable relationship to the legal services necessarily incurred by reason of the breach of contract. A provision for the payment of an arbitrary amount as an attorney’s fee would be in the nature of a penalty and therefore unenforceable. (See Franklin Nat. Bank v. Wall St. Commercial Corp., 40 Misc 2d 1003, affd. 21 A D 2d 878.)
In the case at bar there has been no showing what, if any, legal expenses plaintiff had necessarily incurred by reason of the defendants’ failure to pay the January (and possibly February) rentals when due, or the nature of the legal services rendered.
Since defendants do not deny the past due rentals for the *367 months of January and February, 1969, partial summary judgment is granted for said rentals plus interest. The action is severed to give the plaintiff an opportunity to prove what, if any, legal expenses he may have necessarily incurred. The matter is set down for an assessment of said amount at Trial Term, Part III of this court on May 28, 1969. A copy of this order shall be served upon the calendar clerk forthwith. If no notice of trial has been served, let it be served and filed promptly.