In the Matter of the Estate of WILLIAM A. SNELL, Deceased. CHARLES W. SNELL, as Executor of WILLIAM A. SNELL, Deceased, Respondent. KATHRYN LAWSING, Appellant.

Third Department, November 1, 1972.

*Wemple, Daly & Casey (Arthur F. Casey* and *William W. Wemple* of counsel), for appellant.

*Edgar W. Snell* for respondent.

SIMONS, J.   This is an appeal from a decree of the Surrogate's Court of Schenectady County, entered September 2, 1971, which settled the executor's accounts in the estate of William A. Snell, deceased.

The appellant claims the estate is indebted to her for care rendered decedent before his death.   The Surrogate held that the claim was valid and reasonably worth $12,500.   He then credited the debt with specific legacies to appellant contained in the will which he valued at $10,000 and directed the executor to pay over the balance.   The only issue submitted for our consideration is whether the legacies in the will should be credited against the claim.

A legacy to a creditor is not a satisfaction of the debt unless the testator intends it to be.   (*Boughton* v. *Flint,* 74 N. Y. 476, 482.)   We conclude the testator intended these legacies as gifts, not compensation.   Any presumption that a legacy satisfies a debt is negated where the bequest is less than the debt, where

the debt is unliquidated at the time the will was executed, or where legacies are given after payment of all debts. (*Reynolds* v. *Robinson,* 82 N. Y. 103.) All three circumstances are present in this case. Furthermore, there is no language in the will indicating that the legacies were intended as compensation. It expressly provides that the legacies were made in appreciation of appellant's "kindness". Significantly, at the time the bequests were first incorporated in one of testator's wills, in August, 1967, the services in question had not been rendered. The will actually probated and dated December 13, 1967 contained exactly the same wording as the August will and the services continued for almost two years afterwards. (See *Matter of Schuster,* 212 App. Div. 885.)

Appellant's original claim demanded only $10,400 and the award must necessarily be limited to that amount regardless of the reasonable value established by the proof. (*Michalowski* v. *Ey,* 7 N Y 2d 71.)

The decree should be modified, on the law and the facts, without costs, to the extent of providing for the payment of the claim to the appellant in the amount of $10,400, and the matter remitted to the Surrogate's Court of Schenectady County for further proceedings not inconsistent herewith.

HERLIHY, P. J., GREENBLOTT, SWEENEY and REYNOLDS, JJ., concur.

Decree modified, on the law and the facts, without costs, to the extent of providing for the payment of the claim to the appellant in the amount of $10,400, and matter remitted to the Surrogate's Court of Schenectady County for further proceedings not inconsistent herewith.