**AMERICAN EXPRESS CO., Plaintiff,**

v.

**Anthony Cave BROWN, Defendant.**

**No. 73 Civ. 2584.**

United States District Court,
S. D. New York.

Jan. 3, 1975.

Appel & Goldman, New York City, for plaintiff; by Martin William Goldman, New York City, of counsel.

Schur, Rosenberg, Handler & Jaffin, New York City, for defendant; by Jerome Handler, New York City, of counsel.

## OPINION

KEVIN THOMAS DUFFY, District Judge.

The defendant Anthony Cave Brown, a British journalist, applied for and received a credit card from the plaintiff

American Express Company. Brown failed to pay certain charges and American Express employed English lawyers to collect the amount due.

The lawyers contacted Brown, who had by that time moved to the United States. In a letter dated May 15, 1972, Brown offered to repay the amount due but urged the lawyers not to file suit. Brown suggested that he be allowed to sign a promissory note and concluded the letter as follows: "A Promissory Note is a Promissory Note and it will be honoured if I am permitted to write one."

In response to Brown's letter the English lawyers in June of 1972, requested a New York law firm, Appel & Goldman, to prepare and supervise the execution of the promissory note. On July 24, 1972, the note was executed and it provided for the first payment to be made on March 31, 1973. Payment was not made on that date and is still due.

The English lawyers filed suit for the unpaid credit charges in the High Court of Justice, Queen's Bench Division, and on October 18, 1973, received a default judgment. The English judgment has never been collected, apparently due in part to the fact that the defendant is no longer resident in Great Britain.

A second suit was filed; this one in the New York state courts. Under Article 53 of New York's Civil Practice Law and Rules (CPLR) the foreign judgment could have been enforced by an action on the judgment, a motion for summary judgment in lieu of complaint, or in a pending action by counterclaim, cross-claim or affirmative defense. Thus, the case could have easily been disposed of in state court. However, the defendant Brown removed the case to federal court where there is no statutory recognition principle parallel to CPLR Article 53.

The case as it is now pending in this court states two causes of action: first, a suit on the promissory note; and second, a suit based on the English judgment. The plaintiff American Ex-press Company has moved under Rules 12(c) and 56 of the Federal Rules of Civil Procedure for summary judgment on the first cause of action, the promissory note.

Defendant Brown objects to the entry of summary judgment on three grounds: first, Brown claims that he will be liable for two judgments, both this and the English one; second, Brown claims that the interest provided for in the note is usurious, compounded and against public policy; and third, Brown claims that the attorneys' fees provided for in the note are unreasonable.

■ Brown's first objection, i.e., that there will be two judgments against him on the same underlying indebtedness, poses a dilemma of Brown's own making. As a British citizen he was subject to suit in Great Britain and it was only his moving to the United States and his recalcitrance in paying the promissory note that led to a separate suit being filed here. However, in an attempt to avoid double recovery the entry of this judgment will be conditioned on the defendant's non-payment of the English judgment as of the effective date of this judgment. The defendant's argument that this action should be stayed pending the outcome of the English litigation is now moot since the case in England has gone to final judgment.

■ Defendant's second objection to the entry of summary judgment is that the interest rate provided for in the promissory note is usurious. The note, signed on July 24, 1972, provided that upon default interest would be "payable at the rate of 1½% per month computed from October 27, 1970 when this obligation first arose." Defendant now argues that the interest rate of 1½% per month from October 27, 1970, is void as a penalty, clearly unconscionable and a violation of New York's Penal Law McKinney's Consol.Laws, c. 40 § 190.40, the criminal usury provision. Since the enforcement of New York state's criminal usury law is beyond my jurisdiction

and, further, since the defendant lacks the power to personally enforce the criminal usury law of the state, that portion of defendant's argument is dismissed as frivolous.

■ Defendant also relies on the unconscionability clause of Article 2–302 of the Uniform Commercial Code. In addition to the fact that the execution of a promissory note is not covered by Article 2 of the Code, I do not find the plaintiff's conduct to have been unreasonable or unconscionable. The defendant has owed the plaintiff a debt for over four years and it is the defendant's conduct in trying to avoid paying the debt that has been unconscionable.

■ Defendant further argues that the rate of interest provided for in the promissory note is usurious. This contention is untenable since "[a]bundant authority exists in New York for the holding that there is no usury where an excessive rate of interest is made payable *after maturity*." Heelan v. Secururity Nat'l Bank, 73 Misc.2d 1004, 1008, 343 N.Y.S.2d 417, 421 (Dist.Ct., Suffolk Co. 1973) (emphasis added). The facts presented in this case show that the plaintiff accepted the promissory note in good faith, with the expectation that it would be paid on the due date and without any intent to evade the usury laws.

■ Defendant's argument that the note is unenforceable because it provides for compound interest is likewise unpersuasive. Defendant cites no controlling statutory provision and apparently relies on the common law of New York. However, the common law of New York has always recognized "the distinction between contracts to pay interest upon interest thereafter to accrue and contracts to pay interest on interest which had fallen due and by action of the parties had been converted into principal . . . ." Household Fin. Corp. v. Goldring, 263 App.Div. 524, 528, 33 N.Y.S.2d 514, 518 (1st Dep't), aff'd, 289 N.Y. 574, 43 N.E.2d 715 (1942). Since this case falls into the second category of interest which had already fallen due, the defendant cannot succeed on its compound interest argument. Further, the defendant expressly contracted to pay the interest. See In Matter of Schuster, 167 Misc. 194, 195, 3 N.Y.S.2d 702, 704 (West. Co. 1938), aff'd as modified, 257 App.Div. 55, 12 N.Y.S.2d 30 (2d Dep't 1939) ("in the absence of an express contract or statutory authority, compound interest is not allowed"). See generally Brown v. First Nat'l City Bank, 503 F.2d 114 (2d Cir. 1974).

Defendant's third and final objection to the entry of summary judgment on count one is that the plaintiff's demand for attorneys' fees is not enforceable. Fairfield Lease Corp. v. Marsi Dress Corp., 60 Misc.2d 363, 366, 303 N.Y.S.2d 179, 182 (Civ.Ct.N.Y.Co.1969), provides that a "contract may provide for the payment of attorneys' fees by a defaulting party . . . ." However, the fee must "bear a reasonable relationship to the legal services necessarily incurred by reason of the breach of contract" and may not be arbitrary. 60 Misc.2d at 366, 303 N.Y.S.2d at 182.

■ The note in this case provides for payment of attorneys' fees of 15% upon default. I do not find this to be an unreasonable or arbitrary amount. Because of Brown's default American Express had to hire both English lawyers and a New York law firm. Two suits were necessitated and one of those was removed from state court to federal court. A motion for summary judgment was drawn up and two memorandums of law submitted. In light of the relatively small amount involved in this controversy (£4,067.64 or approximately $10,000, plus interest at 1½% per month since October 1970), I find that attorneys' fees of 15% are reasonable.

Therefore, the motion for summary judgment on count one is granted. It is unnecessary, therefore, to consider the other count.

Settle judgment on 10 days' notice.