**ARBITRON, INC., Plaintiffs,**

**v.**

**3 CITIES, INC., d/b/a KXXO–FM, Defendant.**

**No. 06 Civ. 0384(VM).**

United States District Court, S.D. New York.

May 30, 2006.

Alfred R. Fabricant, Dorothy Acee Thomas, Dickstein Shapiro Morin & Oshinsky LLP, New York, NY, Alfred Ross Fabricant, Ostrolenk, Faber, Gerb & Soffen, LLP, New York, NY, for plaintiff.

V David Rivkin, Fox Horan & Camerini LLP, New York, NY, for defendant.

### DECISION AND ORDER

MARRERO, District Judge.

### I. BACKGROUND

Invoking the Court's diversity of citizenship jurisdiction pursuant to 28 U.S.C.

§ 1332 ("1332"), plaintiff Arbitron, Inc. ("Arbitron") brought this action against defendant 3 Cities, Inc. ("3 Cities") alleging failure to pay certain licensing fees for use of certain radio listening data, in breach of an agreement (the "Agreement") between the parties which called for monthly payments of $44,527 over a term of five years. Arbitron demanded judgment of not less than $241,942.66 for sums it claims 3 Cities owes under the Agreement. In response, 3 Cities filed the instant motion challenging the Court's subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1)("Rule 12(b)(1)") on the ground that the amount in controversy does not exceed the $75,000 threshold § 1332 requires for a diversity action.

According to 3 Cities, it made an initial payment of $9,000 and then withheld $25,326 on Arbitron's first invoice after a dispute arose concerning the methodology and value of the data Arbitron had supplied. The bulk of the balance Arbitron claims 3 Cities owes, approximately $216,616, represents the total fees for the remaining term of the five-year Agreement and is attributable to the operation of an acceleration clause. Arguing that under New York law the acceleration clause Arbitron relies upon constitutes a voidable, unenforceable penalty rather than a valid liquidated damages provision, 3 Cities asserts that the actual amount in controversy in this dispute is approximately $25,326, and thus compels dismissal of the case for lack of subject matter jurisdiction.

The Court has considered 3 Cities's motion and reply papers, and Arbitron's responses, together with all accompanying submissions. On the basis of this review the motion is denied.

## II. DISCUSSION

In ruling upon a Rule 12(b)(1) motion alleging lack of subject matter jurisdiction, the Court must accept as true all well-pleaded assertions of fact in the complaint and resolve doubts and draw all reasonable inferences in favor of the plaintiff. This factual presumption, however, does not attach to jurisdictional allegations. *See SEG Vanguard General Corp. v. Ji,* 195 F.Supp.2d 564, 566 (S.D.N.Y. 2002). Accordingly, on a challenge to the Court's subject matter jurisdiction the party invoking the Court's authority has the burden of proving by a preponderance of the evidence that jurisdiction exists. *See id.*

In the instant matter, 3 Cities's theory is that the liquidated damages provision contained in the Agreement's acceleration clause in reality constitutes a penalty because it demands payments for future services never rendered, and that as a matter of New York law the Court may void such a provision as unconscionable and against public policy. Thus, 3 Cities invites the Court, in the guise of a jurisdictional motion, and before any discovery has been taken that may inform the inquiry, to interpret the parties' Agreement and in essence, on this sparse record, to adjudicate the merits of the underlying dispute. The course 3 Cities urges also necessarily requires the Court to make factual determinations in favor of 3 Cities, and against the opponent of the motion.

From the pleadings and other material on the record of this motion that the Court may properly consider, several questions arose that present issues of material fact in dispute, or that suggest the need for discovery to address the matter adequately. Such questions include, for instance, precisely how much was actually paid and owed under the Agreement; whether 3

Cities's non-payment constituted a material breach of relevant provisions of the Agreement; whether Arbitron performed its obligation under the Agreement; what terms governed the fee structure, payment schedule and duration of the Agreement; what relationship, if any, the parties' Station License Agreement had with their Supplementary Services Agreement, especially as regards the fee schedule and term of the entire Agreement; and whether the fee negotiated included discounts to reflect the length of the Agreement. These matters all relate to and inform a determination of whether the acceleration clause the Agreement contains is or is not a penalty, and thus go to the merits of Arbitron's claims. However, there is no sufficient evidentiary record upon which the Court could base any such ruling.

The existence of numerous essential factual disputes at this stage of the litigation renders 3 Cities's reliance on *Fairfield Lease Corp. v. Marsi Dress Corp.*, 60 Misc.2d 363, 303 N.Y.S.2d 179, 180 (N.Y.Sup.Ct.1969) and related cases inapposite. *Fairfield Lease* was decided on a motion for summary judgment, and was thus grounded on a fully developed factual record, and not on a jurisdictional challenge masked as an adjudication of the substantive claims in contention. Similarly, *Edward Andrews Group, Inc. v. Addressing Services Co., Inc.*, 2005 WL 3215190 (S.D.N.Y. Nov 30, 2005), also cited by 3 Cities as relying on the rule of *Fairfield Lease*, was decided on a motion for summary judgment. *See id.* at *1. Indeed, 3 Cities acknowledges that the *Edward Andrews* court found the acceleration clause at issue there valid because the plaintiff had furnished the requisite consideration to defendant, whereas in the instant case, "Arbitron has *not* furnished the requisite consideration to 3 Cities." (Reply Memorandum of Law in Further Support of Defendant's Motion to Dismiss,

dated April 11, 2006, at 4.) (Emphasis in original.) In response, Arbitron asserts that it "has fully performed its consideration for the agreement." (Opposition to Motion to Dismiss, dated March 27 2006, at 15.) These contradictory statements present a stark dispute over a factual issue. On the record before it, and in the context of a jurisdictional motion, the Court cannot resolve this and other similar disputes of material fact, and lacks doctrinal authority to accept the defendant's rather than the plaintiff's version of such a factual disagreement at the pleading stage of the litigation. Accordingly, the Court declines to follow the precedents 3 Cities cites as applicable authority here.

### III. *ORDER*

For the reasons described above, the motion (Docket No. 06 Civ. 0384) of defendant 3 Cities, Inc. to dismiss the complaint herein for lack of subject matter jurisdiction is denied; and it is further

ORDERED that the parties confer and by June 15, 2006, submit to the Court for review a proposed Case Management Plan.

**SO ORDERED.**